# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| BRUCE LEE ENTERPRISES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:09-cv-0398-WTL-DML |
| ) | |
| ECKO. COMPLEX, LLC d/b/a ECKO ) | |
| UNLTD, A.V.E.L.A., INC., LEO ) | |
| VALENCIA, URBAN OUTFITTERS, ) | |
| INC., and TARGET CORPORATION, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ENTRY ON DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, IMPROPER VENUE OR TRANSFER

This cause is before the Court on Defendants' motions to dismiss or, in the alternative, to transfer (dkt. nos. 46, 58, and 69).  The motions are fully briefed, and the Court, being duly advised, **GRANTS IN PART AND DENIES IN PART** the Defendants' motions as set forth below.

*Background*

Plaintiff, Bruce Lee Enterprises, LLC ("BLE"), is a California limited liability company that holds certain trademark and publicity rights associated with deceased martial artist Bruce Lee.[1]  BLE licenses its trademark and publicity rights to third parties while "actively and aggressively pursu[ing] any and all unauthorized third party users" of said rights.  This pursuit led BLE to retain Indiana-based counsel and relocate a cache of documentary evidence from its

---

[1]In its amended complaint, BLE asserts rights to "the use of LEE's name, image, likeness, persona, signature, mannerisms, distinctive appearance, sayings, voice, and / or photographs" as well as "various trademark registrations for the marks BRUCE LEE®, the Core Logo®, and JEET KUNE DO®."  BLE also lays claim to "countless domestic and international registered trademarks and applications for the marks 'BRUCE LEE,' 'Using No Way as Way, Having No Limitation as Limitation.'" Amend. Compl. ¶¶ 34-35.

offices in California to Indiana.  BLE's pursuit of unauthorized third party users of its intellectual property also led to the instant action.

In a letter dated January 27, 2009, BLE's in-house counsel, Kristopher Stori, sent Defendant Marc Ecko Enterprise ("Ecko")—a New Jersey corporation headquartered in New York, New York—a cease and desist letter asserting that certain t-shirts apparently designed and sold by Ecko infringed BLE's trademark and publicity rights.   Two days later, on January 29, 2009, BLE sent Defendant Leo Valencia ("Valencia")—a California resident—and Defendant A.V.E.L.A., Inc. ("AVELA")—a Nevada corporation—a joint cease and desist letter asking both defendants to stop selling apparel that infringed BLE's trademark and publicity rights.  On February 5, 2009, Ecko replied to BLE, claiming that it had acquired a license to use Bruce Lee's image and certain markings associated with the star from Defendant AVELA.  AVELA did not reply to BLE's letter.

Dissatisfied with these responses, BLE filed this suit against Ecko, Valencia, and AVELA on April 1, 2009.  BLE's 10-count complaint alleged that Defendants' apparel infringed BLE's trademarks in violation of the Lanham Act, and that the Defendants' use of Bruce Lee's image violated both California and Indiana's right of publicity statutes.   On April 12, 2009, BLE filed an Amended Complaint, adding Defendants Target Corporation—a Minnesota corporation—and Urban Outfitters, Inc.—a Pennsylvania corporation—to the caption.   BLE's amended complaint alleged that Target and Urban Outfitters sold and offered to sell merchandise, both in their stores and over internet sites they controlled, that infringed BLE's trademark and publicity rights in violation of the Lanham Act and California and Indiana's right of publicity statutes.

Defendants moved to dismiss BLE's amended complaint for lack of personal jurisdiction

2

under Federal Rule of Civil Procedure 12(b)(2) or improper venue under 28 U.S.C. § 1391(b). In the alternative, Defendants moved to transfer this action to either the Southern District of New York or the District of Nevada.

*Discussion*

This Court "[f]or the convenience of the parties and witnesses, in the interests of justice, may transfer any civil action to any other district or division where it might have been brought." In considering the Defendants' motion to transfer,[2] the Court "considers the statutory factors in light of all the circumstances" surrounding a dispute. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). None of the parties to this action dispute that this case could have been brought in several other districts. The issue here is whether either the Southern District of New York or the District of Nevada better serves the convenience of the parties, the convenience of the witnesses, and the interests of the justice than this Court. *See Chicago R.I. & P.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1953).

For the reasons set forth below, the Court determines that the balance of relevant factors weighs in favor of transferring this cause to the Southern District of New York.

1. *Convenience Of The Parties*

The first question this Court considers under § 1404(a) is whether another forum is more convenient for the parties. *See Igoe*, 220 F.2d at 304. BLE insists that the Southern District of

---

[2]The Court need not determine whether it lacks personal jurisdiction over any of the Defendants or whether this is an improper venue, because even if neither is true, the Court believes the interests of justice are best served by transferring this case to a more convenient forum. *See Hapaniewski v. City of Chicago Heights,* 883 F.2d 576, 579 (7th Cir. 1989) ("personal jurisdiction over the defendant is not a prerequisite for district courts to utilize the transfer provision in § 1406(a)" to cure improper venue). Accordingly, the Defendants' motions are **DENIED** to the extent that they seek dismissal instead of transfer.

Indiana is a convenient forum for the parties for three reasons: the presence of documentary evidence in the Southern District, the presence of state-law right of publicity claims, and because it is its choice of forum.

BLE first argues that transfer is inappropriate here because "[t]he evidence upon which this Case is based, primarily consisting of documents, are [sic] located in the Southern District of Indiana." Two sentences later, however, BLE admits that "[i]n this age of information technology . . . documents can be transferred from place to place via electronic and other means" with ease.  Given the apparent ease of moving documentary evidence from one part of the country to another, the fact that BLE has documentary evidence in Indiana does not make the Southern District of New York less convenient.  Indeed, other than BLE's cache of documentary evidence which was moved here for purposes of this litigation, all of the parties and all of the known witnesses are located far *outside* the Southern District of Indiana, and would have to travel from California, Nevada, Minnesota, Pennsylvania, and New York for trial.  The vastly greater number of daily flights to and from the Southern District of New York alone make it a far more convenient forum for the instant action's widely dispersed parties.  When the Southern District of New York's transportational advantages are coupled with the absence of any party's connection to this district, transfer is clearly appropriate.

BLE next argues that because its complaint raises novel questions about the applicability of Indiana's Right of Publicity Act (Ind. Code 32-36-1-1) the Court should not transfer this action to another forum.   In *Van Dusen v. Barrack*, 376 U.S. 612, 627 (1964) (superseded by statute on other grounds), the United States Supreme Court held that in diversity cases which are transferred for convenience under § 1404(a) the court to which the action is transferred generally must apply the same state law that this Court would have applied. *See also Int'l Mktg., Ltd. v.*

4

*Archer-Daniels-Midland Co.*, 192 F.3d 724, 729 (7th Cir. 1999); *Computer Assocs. Int'l v. Altai, Inc.*, 22 F.3d 32, 35n. 3 (2d Cir. 1994) ("the transferee court must follow the choice of law rules that prevailed in the transferor court.").  Such a result is consistent with the "house-keeping" character of §1404(a) convenience transfers. *Van Dusen*, 376 U.S. at 636-37. In light of this standard, BLE's Indiana and California state law claims will receive the full and fair attention they deserve regardless of whether they are adjudicated by this Court or a court in the Southern District of New York.  Furthermore, the Court notes that the Southern District of New York has experience with both and Indiana and California's right of publicity statutes. *See Shaw Family Archives Ltd. v. CMG Worldwide, Inc.*, 486 F.Supp.2d 309, 319-20 (S.D.N.Y. 2007).

Finally, BLE draws the Court's attention to *In Re National Presto Industries*, a 7th Circuit decision noting that a plaintiff's choice of "forum should rarely be disturbed." 347 F.3d 622, 644 (7th Cir. 2003). What BLE fails to point out, however, is that the *National Presto* court qualified this general admonition, noting that "[r]arely is not never." *Id.*  When a plaintiff's choice of forum has little connection to the event or events underlying its claims, its choice of forum is entitled to little deference.  BLE's Amended Complaint alleges that "every one of the Defendants sells the [i]nfringing [m]erchandise in certain retail locations . . . throughout the United States" and through internet-based sales. Am. Compl. ¶ 54.  Yet, other than a single purchase of merchandise from a store operated by Defendant Urban Outfitters within the Southern District of Indiana, BLE fails to allege any connection between the events underlying their claims and Indiana.  BLE's allegations instead suggest that the events giving rise to this action occurred in California, Nevada, New York, Minnesota, and Pennsylvania.  For instance, Defendant Ecko's decision to design the clothing BLE complains of was likely made at its

headquarters in New York, not in the Southern District of Indiana. The minimal connection between this cause and Indiana does not entitle BLE's choice of forum to deference.

   2.   *Convenience Of The Witnesses*

The second question this Court considers on a motion to transfer under § 1404(a) is the convenience of the witnesses. *Coffey*, 796 F.2d at 220 n.3. Although none of the parties expressly identify specific witnesses in their papers, the potential witnesses are most likely located in California, New York, New Jersey, Nevada, Pennsylvania, and Minnesota. Indiana is notably absent from that list. Furthermore, the wide geographic dispersion of the parties means that all of the potential witnesses in this action will be obliged to travel for trial. This need for travel underscores the superior convenience of the Southern District of New York. Not only is the district closer for witnesses resident in New Jersey, New York, and Pennsylvania, the Southern District of New York is served by a greater number of airlines operating daily flights in and out of the district. This major transportational advantage tips the scales of witness convenience strongly in favor of transferring this cause to the Southern District of New York.

   3.   *The Interests Of Justice*

The "interests of justice" question is a separate component of § 1404(a)'s transfer analysis. *Coffey*, 796 F.2d at 221. This "analysis relates to . . . the efficient functioning of the courts, not to the merits of the underlying dispute." *Id.* One factor traditionally considered is which available forum represents the parties' best chance for a speedy adjudication. *Id.* (citing *Van Dusen v. Barrack*, 376 U.S. 612, 643-46 (1964)). One method of determining adjudicatory speed is comparing the median time between filing and disposition in two districts. In 2009, the median time from filing to disposition for civil cases in this district was 9.4 months, while the

6

Southern District of New York's median time was 6.4 months.   The Southern District of New York also has fewer pending actions per authorized judgeship.  The weighted average of actions per authorized judgeship in the Southern District of New York was 557, compared to 580 in this district.  Furthermore, while 7 percent (2 of 28) of the Southern District of New York's authorized judgeships stand vacant, 40 percent (2 of 5) of the authorized judgeships in this district currently are vacant.  Thus, relative docket size clearly tips the "interests of justice" factor in favor of transfer to the Southern District of New York.

<em>Conclusion</em>

Transfer is appropriate under 28 U.S.C. § 1404(a), where the connection between a forum and the events underlying a lawsuit is vanishingly small and another more convenient forum is available.  In this case, the only connections between Indiana and the events underlying the action are Plaintiff's decision to hire Indiana-based counsel and Plaintiff's purchase of a single t-shirt.  In light of these minuscule connections and the superior convenience of the Southern District of New York, the Court **DENIES** Defendants' motions to dismiss for lack of jurisdiction or improper venue but **GRANTS** Defendants' motions to transfer.  Accordingly, this cause is hereby **TRANSFERRED** to the Southern District of New York under 28 U.S.C. § 1404(a).

SO ORDERED:  03/16/2010

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification