UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BRUCE LEE ENTERPRISES, LLC,                          :
                                                     : Index No. 1:10-cv-2333 (LTS)(AJP)
            Plaintiff,                               :
                                                     : (formerly No. 1:09-cv-0398 (WTL)
            vs.                                      : (DML))
                                                     :
A.V.E.L.A., INC. and LEO VALENCIA,                   :
an Individual, URBAN OUTFITTERS, INC., and           :
TARGET CORPORATION,                                  :
                                                     :
            Defendants.                              :
------------------------------------------------------------X

### ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendants A.V.E.L.A., Inc. ("AVELA"), Leo Valencia ("Valencia"), Urban Outfitters, Inc. ("Urban Outfitters") and Target Corporation ("Target") (together "Defendants"), by the undersigned counsel, respond to the allegations made by plaintiff Bruce Lee Enterprises, LLC. (the "Plaintiff") in the Second Amended Complaint ("Complaint") as follows:

1.     The allegations in paragraph 1 of the Complaint contain allegations of law, not facts, to which no response is required. To the extent paragraph 1 contains allegations of fact, the Defendants deny those allegations.

2.     Defendants lack sufficient information to form an accurate belief as to the truth of the allegations of paragraph 2.

3.     Defendants AVELA and Valencia admit the allegations in paragraph 3. Defendants Urban Outfitters and Target lack sufficient information to form an accurate belief as to the truth of the allegations of paragraph 3.

4.     Defendants AVELA and Valencia deny each and every allegation in paragraph 4 except admit that Valencia is an individual. Defendants Urban Outfitters and Target lack sufficient information to form an accurate belief as to the truth of the allegations of paragraph 4.

5.     Defendant Urban Outfitters admits the allegations in paragraph 5. Defendants AVELA, Valencia and Target lack sufficient information to form an accurate belief as to the truth of the allegations of paragraph 5.

6.     Defendants Target admits the allegations in paragraph 6. Defendants AVELA, Valencia and Urban Outfitters lack sufficient information to form an accurate belief as to the truth of the allegations of paragraph 6.

7.     Defendants deny each and every allegation in paragraph 7. Plaintiff and Valencia are both citizens of the State of California.

8.     The allegations in paragraph 8 of the Complaint contain allegations of law, not fact which no response is required.

9.     The allegations in paragraph 9 of the Complaint contain allegations of law, not fact which no response is required. To the extent paragraph 9 contains allegations of fact, the Defendants deny those allegations.

10.     The allegations in paragraph 10 of the Complaint contain allegations of law, not fact which no response is required. To the extent paragraph 10 contains allegations of fact, the Defendants deny those allegations.

11.     The allegations in paragraph 11 of the Complaint contain allegations of law, not fact which no response is required. To the extent that paragraph 11 of the Complaint contains allegations of fact, Defendants deny those allegations.

12.     Defendants lack sufficient information to form an accurate belief as to the truth of the allegations of paragraph 12.

13.     Defendants lack sufficient information to form an accurate belief as to the truth of the allegations of paragraph 13.

14.     Defendants lack sufficient information to form an accurate belief as to the truth of

2

the allegations of paragraph 14.

15.     Defendants deny the allegations in paragraph 15.

16.     Defendants lack sufficient information to form an accurate belief as to the truth of the allegations of paragraph 16.

17.     Defendants lack sufficient information to form an accurate belief as to the truth of the allegations of paragraph 17.

18.     Defendants lack sufficient information to form an accurate belief as to the truth of the allegations of paragraph 18.

19.     Defendants lack sufficient information to form an accurate belief as to the truth of the allegations of paragraph 19.

20.     Defendants lack sufficient information to form an accurate belief as to the truth of the allegations of paragraph 20.

21.     Defendants lack sufficient information to form an accurate belief as to the truth of the allegations of paragraph 21.

22.     Defendants lack sufficient information to form an accurate belief as to the truth of the allegations of paragraph 22.

23.     Defendants lack sufficient information to form an accurate belief as to the truth of the allegations of paragraph 23.

24.     Defendants lack sufficient information to form an accurate belief as to the truth of the allegations of paragraph 24.

25.     Defendants lack sufficient information to form an accurate belief as to the truth of the allegations of paragraph 25.

26.     Defendants lack sufficient information to form an accurate belief as to the truth of the allegations of paragraph 26.

27.     Defendants lack sufficient information to form an accurate belief as to the truth of the allegations of paragraph 27.

28.     Defendants lack sufficient information to form an accurate belief as to the truth of the allegations of paragraph 28.

29.     Defendants deny the allegations in paragraph 29.  Defendants specifically deny, and hereby deny for each and ever paragraph that Plaintiff owns what they refer to as "Lee Intellectual Property."

30.     Defendants deny the allegations of paragraph 30.

31.     Defendants lack sufficient information to form an accurate belief as to the truth of the allegations of paragraph 31.

32.     Defendants deny the allegations of paragraph 32.

33.     Defendants deny the allegations in paragraph 33.

34.     Defendants deny the allegations in paragraph 34.

35.     Defendants deny the allegations of paragraph 35 but each admit that the Plaintiff commenced the above-entitled action against them.

36.     Defendants deny the allegations in paragraph 36.

37.     Defendants deny the allegations in paragraph 37.

38.     Defendants deny the allegations in paragraph 38.

39.     Defendants AVELA and Valencia deny the allegations in paragraph 39. Defendants Urban Outfitters and Target lack sufficient information to form an accurate belief as to the truth of the allegations of paragraph 39, and on that ground, deny each and every allegation contained therein.

40.     Defendant Urban Outfitters admits the first two sentences in paragraph 40. Defendant Urban Outfitters denies that it sells men's and women's apparel, including t-shirts, on

4

or in its Internet website www.urbanoutfittersinc.com. Defendant Urban Outfitters lacks

sufficient information or belief to know whether the image in Exhibit 6 of the Complaint was

taken from Defendant Urban Outfitter's Internet website located at www.urbanoutfitters.com.

Defendants AVELA, Valencia and Target lack sufficient information to form an accurate belief

as to the truth of the allegations of paragraph 40.

        41.     Defendant Target lacks sufficient information to form an accurate belief as to the

truth of the allegations of paragraph 41, but admits that it operates its retail business in the

United States, including California. Target denies that it ever sold a t-shirt bearing Bruce Lee's

image on its Internet site www.target.com. Defendants AVELA, Valencia and Urban Outfitters

lack sufficient information to form an accurate belief as to the truth of the allegations of

paragraph 41.

        42.     Defendants deny the allegations in paragraph 42.

        43.     Defendants deny the allegations in paragraph 43.

        44.     Defendants lack sufficient information to form an accurate belief as to the truth of

the allegations of paragraph 44.

        45.     Defendants deny the allegations of paragraph 45.

        46.     Defendants deny the allegations in paragraph 46.

        47.     Defendants deny allegations in paragraph 47.

        48.     Defendants deny the allegations in paragraph 48.

        49.     Defendants deny the allegations in paragraph 49.

        50.     Defendants deny the allegations in paragraph 50.

        51.     Defendants deny the allegations in paragraph 51.

        52.     Defendants deny the allegations in paragraph 52.

        53.     Defendants deny the allegations in paragraph 53.

54.    Defendants deny the allegations in paragraph 54.

55.    Defendants deny the allegations in paragraph 55.

56.    Defendants deny the allegations in paragraph 56.

57.    .Defendants deny the allegations in paragraph 57.

58.    Defendants incorporate by reference each and every answer set forth to paragraphs 1 through 57 as if fully set forth herein.

59.    Defendants deny the allegations in paragraph 59.

60.    Defendants deny the allegations in paragraph 60.

61.    Defendants deny the allegations in paragraph 61.

62.    Defendants deny the allegations in paragraph 62.

63.    Defendants deny the allegations in paragraph 63.

64.    Defendants incorporate by reference each and every answer set forth to paragraphs 1 through 63 as if fully set forth herein.

65.    Defendants deny the allegations in paragraph 65.

66.    Defendants deny the allegations in paragraph 66.

67.    Defendants deny the allegations in paragraph 67.

68.    Defendants deny the allegations in paragraph 68.

69.    Defendants deny the allegations in paragraph 69.

70.    Defendants deny the allegations in paragraph 70.

71.    Defendants incorporate by reference each and every answer set forth to paragraphs 1 through 70 as if fully set forth herein.

72.    Defendants deny the allegations in paragraph 72.

73.    Defendants deny the allegations in paragraph 73.

74.    Defendants deny the allegations in paragraph 74.

75.     Defendants deny the allegations in paragraph 75.

76.     Defendants deny the allegations in paragraph 76.

77.     Defendants incorporate by reference each and every answer set forth to paragraphs 1 through 76 as if fully set forth herein.

78.     Defendants deny the allegations set forth in paragraph 78.

79.     Defendants deny the allegations in paragraph 79.

80.     Defendants deny the allegations in paragraph 80.

81.     Defendants deny the allegations in paragraph 81.

82.     Defendants deny the allegations in paragraph 82.

83.     Defendants deny the allegations in paragraph 83.

84.     Defendants deny the allegations in paragraph 84.

85.     Defendants incorporate by reference each and every answer set forth in paragraphs 1 through 84 as if fully set forth herein.

86.     Defendants deny the allegations in paragraph 86.

87.     Defendants deny the allegations in paragraph 87.

88.     Defendants deny the allegations in paragraph 88.

89.     Defendants deny the allegations in paragraph 89.

90.     Defendants deny the allegations in paragraph 90.

91.     Defendants deny the allegations in paragraph 91.

92.     Defendants incorporate by reference each and every answer set forth to paragraphs 1 through 91 as if fully set forth herein.

93.     Defendants deny the allegations in paragraph 93..

94.     Defendants deny the allegations in paragraph 94.

95.     Defendants deny the allegations in paragraph 95.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

96.     Each of the counts in the Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

97.     Each of the counts in the Complaint are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

98.     Plaintiff does not own or control any exclusive right of publicity in Bruce Lee (i.e. Bruce Lee's name, image, likeness, persona, signature, mannerisms, distinctive appearance saying voice and/or photographs) (the "Right of Publicity").  Bruce Lee died domiciled in a jurisdiction that did not recognize a post-mortem right of publicity which was transferable or descendible by an agreement, will, trust or statute.  Any right of publicity that Bruce Lee may have enjoyed during his life terminated at the time of his death.

### FOURTH AFFIRMATIVE DEFENSE

99.     Plaintiff is not the rightful and true owners of any of the alleged intellectual property rights associated with Bruce Lee, including but not limited to the Right of Publicity and any trademarks associated with Bruce Lee (the "Alleged Intellectual Property Rights"), and lacks standing to bring some or all of the claims it asserted.

### FIFTH AFFIRMATIVE DEFENSE

100.     Cal. Civ. Code § 3344.1 (formerly Cal. Civ. Code § 990), and all amendments thereto, are unconstitutional pursuant to the Constitution of the United States and/or California.

### SIXTH AFFIRMATIVE DEFENSE

101.     During all the relevant time periods, Defendant Valencia was a mere employee of

8

Defendant AVELA and is not responsible for the actions of Defendant AVELA and is therefore improperly named in this action.

**SEVENTH AFFIRMATIVE DEFENSE**

102.    The photographic images shown in Exhibit 5, and also again in Exhibit 6, do not depict Bruce Lee.

**EIGHTH AFFIRMATIVE DEFENSE**

103.    All the causes of action are barred by the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

104.    All causes of action are barred by the doctrine of unconscionability.

**TENTH AFFIRMATIVE DEFENSE**

105.    All the causes of action are barred by the doctrine of illegality.

**ELEVENTH AFFIRMATIVE DEFENSE**

106.    All the causes of action are barred by Plaintiff's fraud or other inequitable conduct.

**TWELFTH AFFIRMATIVE DEFENSE**

107.    Plaintiff's claims, if any, are barred by the doctrines of laches, estoppel and acquiescence.

**THIRTEENTH AFFIRMATIVE DEFENSE**

108.    Plaintiff's claims, if any, are barred by the doctrine of waiver.

**FOURTEENTH AFFIRMATIVE DEFENSE**

109.    Plaintiff's claims should be dismissed based on defenses founded upon documentary evidence.

**FIFTEENTH AFFIRMATIVE DEFENSE**

110.    Plaintiff's claims are barred by the doctrine of copyright preemption.

9

## SIXTEENTH AFFIRMATIVE DEFENSE

111.   Plaintiff has not suffered any damages as a result of any act or omission of any of the Defendants.

## SEVENTEENTH AFFIRMATIVE DEFENSE

112.   To the extent Plaintiff suffered any damages, which Defendants expressly deny, Plaintiff failed to take reasonable steps to mitigate, minimize or avoid those purported damages.

## EIGTHTEENTH AFFIRMATIVE DEFENSE

113.   In the event that the Court finds that Plaintiff owns the Right of Publicity, Defendants AVELA and Valencia are not liable for any of Plaintiff's claims because AVELA merely licenses images that it owns to third parties.  AVELA and Valencia do not manufacture, design or sell any of the infringing items Plaintiff alleges in the Complaint.  Defendants Target and Urban Outfitters are not liable because they did not manufacture, design or sell any infringing items.

## NINTEENTH AFFIRMATIVE DEFENSE

114.   Some or all of the Plaintiff's claims are barred by the doctrine of fair use.  The Defendants have not used the name Bruce Lee in a trademark sense, or as the indicator of the origin of the goods, but to describe the image that each Defendant licenses or sells.

## TWENTIETH AFFIRMATIVE DEFENSE

115.   Plaintiff's claims are either partially or wholly diminished by the doctrine of set-off (i.e. New York General Obligations Law §15-108(a)) because Plaintiff settled with former Defendant Ecko Complex, LLC. d/b/a Ecko Unltd. a New Jersey Limited Liability Company ("Ecko").  Plaintiff's claims in the Complaint are based in whole, or in part, on the actions of former Defendant Ecko.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

116.    Defendants allege on information and belief that any and all damages allegedly sustained by Plaintiff were proximately caused by, contributed to, and otherwise due to, in whole or in part, the conduct, acts, and/or omissions of parties other than Defendants.  In the event it is found that Plaintiff is entitled to recover any amount from the Defendants, which Defendants expressly deny, the amount of recovery must be offset by the amount of damages attributable to the acts and omissions by parties other than the Defendants.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

117.    To the extent Plaintiff is entitled to any relief, Plaintiff is not entitled to injunctive relief because it has an adequate remedy at law.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

118.    To the extent Plaintiff is entitled to any damages, Plaintiff is not entitled to treble damages, punitive damages and/or statutory damages.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

119.    In the event the Court determines that Plaintiff owns the Right of Publicity, Defendants' conduct does not constitute willful infringement.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

120.    The applications to register the trademarks set forth in paragraphs 29 and 32 of the Complaint in the United States Patent and Trademark Office (the "Trademarks") were false, misleading and fraudulent in material respects, and the applications were submitted with the intent to defraud the United States Patent and Trademark Office.  Thus, the certificates of registration for the Trademarks were falsely obtained, and should be cancelled and removed from the Principal Register pursuant to 15 U.S.C. § 1119.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

121.    Plaintiff's alleged Trademarks have been forfeited or abandoned.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

122.    Some or all of Plaintiff's claims are barred because it engaged in trademark misuse.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

123.    Some or all of Plaintiff's claims are barred because it does not own a valid trademark.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

124.    Defendants have not infringed any of Plaintiff's Alleged Intellectual Property Rights pursuant to 15 U.S.C. § 1125 et seq. or the common law.

## THIRTIETH AFFIRMATIVE DEFENSE

125.    Plaintiff's claims are barred because Defendants have priority in the Alleged Intellectual Property Rights.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

126.    Plaintiff's claims are barred in whole or in part because there is no likelihood of confusion in the marketplace, and/or Defendants' alleged use of the Alleged Intellectual Property Rights is not explicitly misleading.

## THIRTY–SECOND AFFIRMATIVE DEFENSE

127.    Defendants' alleged use of the Alleged Intellectual Property Rights is protected by the United States Constitution and the governing common law.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

128.    Plaintiff's Trademarks are descriptive and lack secondary meaning.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

129.    Plaintiff's claims are barred on the grounds of improper or illegal use of the Alleged Intellectual Property Rights designed to achieve anti-competitive results or to violate the

antitrust laws of the state of New York and/or the United States.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

130.    Plaintiff filed the Complaint in bad faith and was motivated by improper and competitive purposes which constitutes a wrongful action, an abuse of process and/or malicious prosecution.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

131.    Defendants' alleged use of the Alleged Intellectual Property Rights pre-dates the filing of Plaintiff's successor in interest claim to Right of Publicity with the state of California pursuant to Cal. Civ. Code 3344.1 (f).

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

132.    Plaintiff's claims are barred because it failed to join necessary and indispensible parties.

133.    Defendants reserve the right to allege other affirmative defenses as Defendants become aware of them during the course of discovery, and hereby specifically reserve the right to amend their answer to allege such affirmative defenses at the time Defendants become aware of them.

## COUNTERCLAIMS AGAINST COUNTER-DEFENDANT BRUCE LEE ENTERPRISES, LLC.

Defendant AVELA counterclaims against Counterclaim Defendant Bruce Lee Enterprises:

## PARTIES

134.    Defendant AVELA is a Nevada Corporation with its principal place of business located at 1135 Terminal Way, No. 209, Reno, Nevada 89502.

135.    Counterclaim Defendant Bruce Lee Enterprises, LLC ("BLE") is a limited

liability company with its principal place of business located at 1460 4th Street, Suite 210, Santa Monica, California 90401.

## JURISDICTION AND VENUE

136.    Pursuant to the Order of Hon. Laura Taylor Swain, dated March 31, 2011, on Defendants' motion to dismiss, this court has *in personam* jurisdiction over BLE in New York.

## ALLEGATIONS COMMON TO ALL COUNTERCLAIMS

137.    X One X Movie Archive Inc. ("X One X") owns United States copyright registrations bearing registration numbers VA 1-309-421, VA 1-309-415 and VA 1-309-459 (the "Registrations").

138.    Each of the Registrations contains images depicting Bruce Lee.

139.    AVELA has the right to license the images contained within the Registrations pursuant to a license agreement with X One X.

## FIRST COUNTERCLAIM

### (Interference with Contractual Relations)

140.    AVELA repeats and re-alleges all of the allegations set forth in Paragraphs 1 through 139 as if fully set forth herein.

141.    AVELA licensed to third parties, orally and in writing, to reproduce the images contained within the Registrations.

142.    On or about March 1, 2010 AVELA licensed to Trends International, LLC ("Trends International"), the right to print and sell a poster of an image of Bruce Lee contained within Registration VA-309-459 (the "Poster").

143.    Pursuant to this license agreement, Trends International was to print 5,000 units of the Poster and pay AVELA for each Poster printed within 60 days from the date Trends International printed them.

144.    Upon information and belief, Trends International printed 5,000 copies of the Poster.

145.    On or before April 19, 2010, BLE, its licensees and/or agents, were aware of AVELA's agreement with Trends International to print and sell the Poster.

146.    On or about April 19, 2010, BLE, its licensees and/or agents, sent Trends International a letter advising it that the Poster constituted an infringement (the "Letter").

147.    That BLE, its licensees and/or agents had no justification to send the Letter to Trends International because the Poster did not infringe any of BLE's rights.

148.    That BLE, its licensees and/or agents sent the Letter to Trends International knowing that the Poster did not infringe any of BLE's rights.

149.    BLE, its licensees and/or agents intended to disrupt AVELA's license agreement with Trends International by sending the Letter to Trends International.

150.    Trends International breached its agreement with AVELA and did not pay it pursuant to the terms of its license agreement.

151.    The Letter, and other actions by BLE, its licensees and/or agents, resulted in Trends International's breach of its license agreement with AVELA concerning the Poster.

152.    AVELA suffered actual damages as a proximate result of BLE's interference with AVELA's license agreement with Trends International.

## SECOND COUNTERCLAIM

### (Intentional Interference with Prospective Economic Advantage)

153.    AVELA repeats and re-alleges all of the allegations set forth in Paragraphs 1 through 152 as if fully set forth herein.

154.    That on or about March 1, 2010, AVELA and Trends International agreed that in addition to the 5,000 initial printing of the Poster, Trends International had authority to print

additional copies of the Poster.

155.    According to this prospective arrangement, Trends International was to pay AVELA within 60 days from the date it printed additional copies of the Poster.

156.    Previously, Trends International printed 30,000 to 50,000 posters of any particular image.

157.    AVELA reasonably believed and expected that Trends International would print at least 30,000 to 50,000 copies of the Poster based on its prior business experiences with Trends International.

158.    BLE, its licensees and/or agents were aware that Trends International had a prospective agreement with AVELA to print additional copies of the Poster.

159.    That on or about April 19, 2010, BLE, its licensees and/or agents sent Trends International the Letter with the intent to harm AVELA by interfering with its relationship with Trends International and to stop Trends International from making additional copies of the Poster.

160.    That BLE, its licensees and/or agents had no justification to send the Letter to Trends International because the Poster did not infringe any of BLE's rights.

161.    That BLE, its licensees and/or agents had no privilege to send the Letter to Trends International.

162.    Trends International's receipt of the Letter directly resulted in it not printing additional copies of the Poster.

163.    That as a direct result of BLE's conduct, AVELA suffered actual harm.

WHEREFORE, AVELA demands:

(i)      An award of compensatory damages at least equal to the amount that AVELA lost as the result of BLE's interference with its contractual relations and an amount equal to

AVELA'S loss of prospective economic advantage, in an amount to be determined at trial.

     (ii)     For such other and further relief as the Court deems just and proper.

Dated: New York, New York
       May 10, 2011

                THE SERBAGI LAW FIRM, P.C.

                By: _____
                    Christopher Serbagi
                    488 Madison Avenue, 11th Floor
                    New York, NY 10022
                    Tele: (212) 593-2112
                    Fax: (212) 308-8582
                    Attorney for the Defendants