Theodore J. Minch, Esq.
*Admitted Pro Hac Vice*
Sovich Minch, LLP
10099 Chesapeake Drive, Suite 100
McCordsville, Indiana 46055
Telephone:  317-335-3601
Facsimile:  317-335-3602
E-Mail:  tjminch@sovichminch.com

Bonnie L. Mohr, Esq.
Law Office of Bonnie L. Mohr
236 West 26th Street, Suite 303
New York, New York 10001
Telephone: 212-736-2624 x 13
Facsimile: 212-981-0528
E-Mail: bonnie@mohresq.com

Attorneys for Plaintiff / Counterclaim Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
BRUCE LEE ENTERPRISES, LLC                  :
                                            :
       Plaintiff,                           :
                                            :
       vs.                                  :  CASE NO. 1:10-cv-2333 LTS / AJP
                                            :
A.V.E.L.A., INC., and LEO VALENCIA,         :
an Individual, URBAN OUTFITTERS, INC., and  :
TARGET CORPORATION,                         :
                                            :
       Defendants.                          :
-----------------------------------------------------------------X

### PLAINTIFF / COUNTERCLAIM DEFENDANT BRUCE LEE ENTERPRISES, INC.'S RESPONSE AND AFFIRMATIVE DEFENSES TO THE COUNTERCLAIM

Comes now Plaintiff / Counterclaim Defendant BRUCE LEE ENTERPRISES, LLC (hereinafter "BLE"), by counsel, Theodore J. Minch, and for its response to Defendant's A.V.E.L.A., INC.'s ("AI") Counterclaim (Dkt 113), BLE hereby respectfully says and avers as follows:

1. BLE lacks sufficient information or knowledge to admit or deny the allegations made by AI in rhetorical paragraph 134. of the Counterclaim.

2. BLE ADMITS the allegations made by AI in rhetorical paragraph 135. of the Counterclaim.

## JURISDICTION AND VENUE

3. BLE ADMITS the allegations in rhetorical Paragraph 136. of the Counterclaim.

## ALLEGATIONS COMMON TO ALL COUNTERCLAIMS

4. BLE lacks sufficient information or knowledge to admit or deny the allegations made by AI in rhetorical paragraph 137. of the Counterclaim.

5. BLE lacks sufficient information or knowledge to admit or deny the allegations made by AI in rhetorical paragraph 138. of the Counterclaim.

6. BLE lacks sufficient information or knowledge to admit or deny the allegations made by AI in rhetorical paragraph 139. of the Counterclaim.

## FIRST COUNTERCLAIM
### (Interference with Contractual Relations)

7. The allegations in rhetorical Paragraph 140. of the Counterclaim do not require either an admission or denial.

8. BLE ADMITS the allegations made by AI in rhetorical paragraph 141. of the Counterclaim.

9. BLE lacks sufficient information or knowledge to admit or deny the allegations made by AI in rhetorical paragraph 142. of the Counterclaim.

10. BLE lacks sufficient information or knowledge to admit or deny the allegations made by AI in rhetorical paragraph 143. of the Counterclaim.

11. BLE lacks sufficient information or knowledge to admit or deny the allegations made by AI in rhetorical paragraph 144. of the Counterclaim.

12. BLE DENIES the allegations made by AI in rhetorical paragraph 145. of the Counterclaim.

13. BLE ADMITS the allegations made by AI in rhetorical paragraph 146. of the Counterclaim.

14. BLE DENIES the allegations made by AI in rhetorical paragraph 147. of the Counterclaim.

15. BLE DENIES the allegations made by AI in rhetorical paragraph 148. of the Counterclaim.

16. BLE DENIES the allegations made by AI in rhetorical paragraph 149. of the Counterclaim.

17. BLE lacks sufficient information or knowledge to admit or deny the allegations made by AI in rhetorical paragraph 150. of the Counterclaim.

18. BLE lacks sufficient information or knowledge to admit or deny the allegations made by AI in rhetorical paragraph 151. of the Counterclaim.

19. BLE DENIES the allegations made by AI in rhetorical paragraph 152. of the Counterclaim.

**SECOND COUNTERCLAIM**
**(Intentional Interference with Prospective Economic Advantage)**

20. The allegations in rhetorical Paragraph 153. of the Counterclaim do not require either an admission or denial.

21. BLE lacks sufficient information or knowledge to admit or deny the allegations made by AI in rhetorical paragraph 154. of the Counterclaim.

22. BLE lacks sufficient information or knowledge to admit or deny the allegations made by AI in rhetorical paragraph 155. of the Counterclaim.

23. BLE lacks sufficient information or knowledge to admit or deny the allegations made by AI in rhetorical paragraph 156. of the Counterclaim.

24. BLE lacks sufficient information or knowledge to admit or deny the allegations made by AI in rhetorical paragraph 157. of the Counterclaim.

25. BLE DENIES the allegations made by AI in rhetorical paragraph 158. of the Counterclaim.

26. BLE DENIES the allegations made by AI in rhetorical paragraph 159. of the Counterclaim.

27. BLE DENIES the allegations made by AI in rhetorical paragraph 160. of the Counterclaim.

28. BLE DENIES the allegations made by AI in rhetorical paragraph 161. of the Counterclaim.

29. BLE lacks sufficient information or knowledge to admit or deny the allegations made by AI in rhetorical paragraph 162. of the Counterclaim.

30. BLE DENIES the allegations made by AI in rhetorical paragraph 163. of the Counterclaim.

## **BLE'S AFFIRMATIVE DEFENSES**

Comes now Plaintiff / Counterclaim Defendant BRUCE LEE ENTERPRISES, LLC ("BLE"), by counsel, Theodore J. Minch, and, having responded to each and every one of the claims in the Counterclaim, now submits its Affirmative Defenses to the Counterclaim as follows:

## FIRST AFFIRMATIVE DEFENSE
### (Laches, Waiver, Estoppel)

31. If the claims made in the Counterclaim are to be accepted or proven as true, AI has been aware that there is an actual and justiciable controversy between AI and BLE regarding those matters raised by AI as against BLE in the Counterclaim.

32. Despite AI's apparent knowledge of an actual and justiciable controversy between AI and BLE regarding the matters raised by AI in the Counterclaim, AI, until the filing of the Counterclaim, has taken no action with regard to the same.

33. Based upon the foregoing, each and every claim alleged by AI in the Counterclaim is barred by the doctrines of waiver, laches, and / or estoppel.

## SECOND AFFIRMATIVE DEFENSE
### (Bad Faith)

34. The Counterclaim as against BLE is in response to the complaint originally filed in this Case as against AI by BLE for AI's alleged malfeasances.

35. As a result of AI's bad faith actions as alleged by in the originally filed complaint herein, each and every one of the claims brought by AI in the Counterclaim must be barred.

## THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

36. The Counterclaim as against BLE is in response to the complaint originally filed in this Case as against AI by BLE for AI's alleged malfeasances.

37. As a result of AI's unclean hands as alleged by BLE in the originally filed complaint herein, each and every one of the claims brought by AI in the Counterclaim must be barred.

## FOURTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Relief)

38.     Each and every one of the claims brought by AI in the Counterclaim fail to state a claim upon which relief can be granted as against BLE; as such, each and every one of the claims made by AI in the Counterclaim should be barred under Fed. Rule Civ. Pr. 12(b)(6).

## FIFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

39.     Each and every one of the claims brought by AI in the Counterclaim are barred by the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

40.     Each and every one of the claims brought by AI in the Counterclaim are barred by the applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE
### (Invalid Copyrights)

41.     Each and every one of the claims brought by AI in the Counterclaim are barred because the copyrights (defined in paragraph 137. of the Counterclaim and hereinafter as the "Registrations") on which AI asserts it had the right to license the images in question are invalid or otherwise unenforceable.

42.     As such, AI took no enforceable rights by way of the license for the use of the images of Bruce Lee contained in the Registrations AI alleges it entered into with X One X Movie Archive Inc. (hereinafter "X One X").

## EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Add Indispensible Party)

43.     Each and every one of the claims brought by AI in the Counterclaim are barred because AI has failed to add an indispensible party / parties under Fed R. Civ. P. 19, *et. seq.*

## NINETH AFFIRMATIVE DEFENSE
### (Illegality)

44. Each and every one of the claims brought by AI in the Counterclaim are barred by the doctrine of illegality.

## TENTH AFFIRMATIVE DEFENSE
### (Fraud)

45. Each and every one of the claims brought by AI in the Counterclaim are barred by the doctrine of fraud.

## TENTH AFFIRMATIVE DEFENSE
### (Right of Publicity Pre-Emption)

46. Each and every one of the claims brought by AI in the Counterclaim are barred by the doctrine of deceased Right of Publicity Pre-emption.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

47. To the extent that AI suffered any damages (BLE does not concede AI suffered any such damages) as a result of BLE's alleged malfeasance as contended by AI in its Counterclaim, AI is barred from recovery of any such damages because AI failed to mitigate and / or avoid said damages, if any, altogether.

## TWELFTH AFFIRMATIVE DEFENSE
### (Reservation of Affirmative Defenses Not Yet Known)

48. BLE has insufficient information upon which to form a belief as to the whether it may have additional unstated affirmative defenses; BLE consequently hereby reserves the right to assert additional affirmative defenses in the event discovery indicates that the same is appropriate.

DATED:  McCordsville, Indiana        SOVICH MINCH, LLP
        June 14, 2011

                                     /s/ Theodore John Minch
                                     _____
                                     Theodore J. Minch, Attorney No. 18798-49
                                     10099 Chesapeake Drive, Suite 100
                                     McCordsville, Indiana 46055
                                     Telephone:    (317) 335-3601
                                     Facsimile:    (317) 335-3602
                                     timinch@sovichminch.com

                                     Bonnie L. Mohr, Esq.
                                     Law Office of Bonnie L. Mohr
                                     236 West 26th Street, Suite 303
                                     New York, New York 10001
                                     Telephone: 212-736-2624 x 13
                                     Facsimile: 212-981-0528
                                     E-Mail bonnie@mohresq.com

                                     Attorneys for Bruce Lee Enterprises, LLC

## **CERTIFICATE OF SERVICE**

 This is to certify that a copy of the foregoing was forwarded this day to the following party representatives of record by placing a copy of the same via the Court's electronic filing system this 15th day of June, 2011:

Bonnie L. Mohr, Esq.
bonnie@mohresq.com

Christopher Serbagi, Esq.
christopher@serbagilaw.com

David Michael Marcus, Esq.
david@serbagilaw.com

Douglas D Winter, Esq.
dwinter@balllawllp.com

                                          /s/ Theodore J. Minch
                                     By:  _____
                                          Theodore J. Minch (18798-49)
                                          SOVICH MINCH, LLP