UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
BRUCE LEE ENTERPRISES, LLC        :
            :
      Plaintiff,       :
            :
      vs.          :   CASE NO. 1:10-cv-2333 AJN / AJP
            :
A.V.E.L.A., INC., and LEO VALENCIA,   :
an Individual, URBAN OUTFITTERS, INC., and  :   THE HONORABLE
TARGET CORPORATION,      :     ALISON J. NATHAN
            :
      Defendants.   :
-----------------------------------------------------------------X

### BRUCE LEE ENTERPRISES, LLC'S RESPONSE TO DEFENDANTS' OBJECTIONS TO EVIDENCE

Comes now Plaintiff, BRUCE LEE ENTERPRISES, LLC ("BLE"), by counsel,

Theodore J. Minch, in response to Defendants' Objections to Evidence (Dkt. 212), hereby

respectfully submits the following:

**I.      Declaration of Theodore J. Minch**

**A.      Paragraph 4, Exhibit 2.**

Defendants object to the admission of excerpts from the Deposition of Mike Tkach,

Defendant Urban Outfitters ("UO") Senior Buyer, on the basis that the deposition was protected

as confidential.  The deposition was never designated as confidential by counsel for Defendants

who attended the deposition.  Moreover, exclusion of this evidence is not the proper remedy

even if the deposition has been designated as confidential.   As such, Defendants' objection

should be OVERRULED.

**B.      Paragraph 4, Exhibit 3.**

Defendants object to the admission of excerpts from the Deposition of Lee Lurquin,

Defendant Target Corporation ("TC") Senior Buyer, on the basis that the deposition was

protected as confidential.  The deposition was never designated as confidential by counsel for Defendants who attended the deposition.  Moreover, exclusion of this evidence is not the proper remedy even if the deposition has been designated as confidential.   As such, Defendants' objection should be OVERRULED.

### C.      Paragraph 7, Exhibits 5A, 5B, and 5C.

Defendants object to the admission of the entire record of proceedings for the Los Angeles County Probate Court and Hong Kong Probate court record of proceedings for the probate of the Estate of Bruce Lee.  Under Fed. R. Civ. P. 56(c)(4), "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  Here the exhibits offered are public documents otherwise admissible under Fed R. Evid. 803(6)(A),(C), and (E), 803(8)-(9), 803(14)-(16), and 803(23).

Moreover, the documents contained in Exhibit 5, specifically, Exhibit 5C were produced to counsel for BLE by counsel for Defendants under agreement between the parties that the records produced in association with the Bruce Lee Hong Kong probate matters would be agreed between the parties to be the complete and accurate record of proceedings in that matter.

Additionally, the records contained in Exhibits 5A and 5B were obtained by counsel for BLE through counsel's public records search and were provided to counsel by the Superior Court of Los Angeles County purporting to be the entire record associated with the probate of the Estate of Bruce Lee in that Court.

Defendants' objection to Paragraph 7, Exhibits 5A, 5B, and 5C should be OVERRULED.

### D.      Paragraph 8, Exhibit 6.

Defendants object to the admission of documents tendered by Defendants A.V.E.L.A.,

Inc. ("AVELA") and Leo Valencia ("LV") themselves in support of those Defendants' opposition to trademark applications for the name BRUCE LEE filed by BLE in the United Kingdom.  Under Fed. R. Civ. P. 56(c)(4), "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

Counsel for BLE moved admission of these documents, as acknowledged in the declaration, based upon counsels' personal knowledge that the documents were produced by AVELA and LV in the above-mentioned proceeding as counsel for BLE was counsel of record in that proceeding.

Additionally, Exhibit 6 documents that were publicly filed by AVELA and LV in a public proceeding and, as such, otherwise admissible under Fed R. Evid. 803(6)(A),(C), and (E).

Finally, should AVELA and LV wish to contest the accuracy or validity of the documents as BLE purports them to be, AVELA and LV are free to do so by counter declaration; yet, AVELA and LV do not challenge the authenticity of Exhibit 6.

Defendants' objection to Paragraph 8, Exhibit 6 should be OVERRULED.

**E.      Paragraph 9, Exhibit 7.**

Defendants object to the admission of the Congressional Tribute to Bruce Lee.  Under Fed. R. Civ. P. 56(c)(4), "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

Counsel for BLE moved admission of these documents, as acknowledged in the declaration, based upon counsels' personal knowledge that the document is what it is purported to be and that it is a public record.

Additionally, Exhibit 7 is a public document otherwise admissible under Fed R. Evid. 803(6)(A),(C), and (E).

Defendants' objection to Paragraph 9, Exhibit 7 should be OVERRULED.

**F.      Paragraph 10, Exhibit 8.**

Defendants object to the admission of a September 17, 2010 letter sent by Michael Silbert of Urban Outfitters.  Under Fed. R. Civ. P. 56(c)(4), *"An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."*

Counsel for BLE moved admission of these documents, as acknowledged in the declaration, based upon counsels' personal knowledge that the documents were produced by Defendants in this proceeding as and maintained by Defendants and / or by BLE in the regular course of BLE's business.  Fed R. Evid. 803(6).

Should UO wish to contest the accuracy, authenticity, or validity of Exhibit 8, as BLE purports it to be, UO is free to do so by counter declaration; yet, UO do not challenge the authenticity of Exhibit 8.

Defendants' objection to Paragraph 10, Exhibit 8 should be OVERRULED.

**G.      Paragraph 14, Exhibits 11A and 11B.**

Defendants object to the admission of Exhibits 11A and 11B because they were allegedly not submitted to the Court.  Exhibits 11A and 11B were filed under seal.  Moreover, Defendants, themselves, tendered Exhibits 11A and 11B to the Court in support of Defendants' motion for summary judgment.  Counsel for BLE is confused as to the true basis of Defendants' objection, here.  Nevertheless, based on the foregoing, Defendants' objection to Paragraph 14, Exhibits 11A and 11B should be OVERRULED.

### H.        Paragraph 15, Exhibits 12.

Defendants object to the admission of the Federal Estate Tax return filed by the Estate of Bruce Lee because counsel for BLE lacks personal knowledge as to the source and validity of the return and there is allegedly no foundation for its admission.  Under Fed. R. Civ. P. 56(c)(4), "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  Also, Exhibit 12 is a public document otherwise admissible under Fed R. Evid. 803(8) and / or have been maintained by BLE in the regular course of its business and are therefore admissible under Fed. R. Evid. 803(6).

Defendants' objection to Paragraph 15, Exhibit 12 should be OVERRULED.

## II.      Declaration of Linda (Lee) Cadwell.

### A.        Paragraph 2.

Defendants object to the admission of the statement made by Linda Cadwell in Paragraph 2 of her declaration.  Under Fed. R. Civ. P. 56(c)(4), "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." The statement contained in Paragraph 2 was based on Linda Cadwell's personal knowledge of the matter asserted as the wife and widow of Bruce Lee, the administrator of Bruce Lee's estate, and, for nearly 40 years, the proprietor of Bruce Lee's name, likeness, photographs, mannerisms, and / or voice.

Based on the foregoing, Defendants' objection to Paragraph 2 of Linda Cadwell's declaration should be OVERRULED.

### B.        Paragraph 3.

Defendants object to the admission of the Federal Tax Return filed by the Estate of Bruce Lee.  Under Fed. R. Civ. P. 56(c)(4),  "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  The return testified to by Linda Cadwell in Paragraph 3 was based on Linda Cadwell's personal knowledge of the matter asserted as the wife and widow of Bruce Lee, the administrator of Bruce Lee's estate, and, for nearly 40 years, the proprietor of Bruce Lee's name, likeness, photographs, mannerisms, and / or voice.

Based on the foregoing, Defendants' objection to Paragraph 3 of Linda Cadwell's declaration should be OVERRULED.

### C.      Paragraph 4.

Defendants object to the admission of the statement made by Linda Cadwell in Paragraph 4 of her declaration as to Bruce Lee's domicile at death.  Under Fed. R. Civ. P. 56(c)(4),  "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  The statement contained in Paragraph 4 was based on Linda Cadwell's personal knowledge of the matter asserted as the wife and widow of Bruce Lee, the administrator of Bruce Lee's estate, and, for nearly 40 years, the proprietor of Bruce Lee's name, likeness, photographs, mannerisms, and / or voice.  Moreover, Linda Lee, under oath, during a deposition conducted by counsel for Defendants, asserted that Bruce Lee was a domicile of California at death.

Based on the foregoing, Defendants' objection to Paragraph 4 of Linda Cadwell's declaration should be OVERRULED.

**D.      Paragraph 6.**

Defendants object to the admission of the statement made by Linda Cadwell in Paragraph 6 of her declaration as to the transfer of Brue Lee's rights of publicity.  Under Fed. R. Civ. P. 56(c)(4), "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  The statement contained in Paragraph 6 was based on Linda Cadwell's personal knowledge of the matter asserted as the wife and widow of Bruce Lee, the administrator of Bruce Lee's estate, and, for nearly 40 years, the proprietor of Bruce Lee's name, likeness, photographs, mannerisms, and / or voice.

Based on the foregoing, Defendants' objection to Paragraph 6 of Linda Cadwell's declaration should be OVERRULED.

**E.      Paragraph 7.**

Defendants object to the admission of the statement made by Linda Cadwell in Paragraph 7 of her declaration as to the organization of Concord Moon, LP and the transfer of Bruce Lee's right of publicity to Concord Moon, LP.  Under Fed. R. Civ. P. 56(c)(4), "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  The statement contained in Paragraph 7 was based on Linda Cadwell's personal knowledge of the matter asserted as the wife and widow of Bruce Lee, the administrator of Bruce Lee's estate, and, for nearly 40 years, the proprietor of Bruce Lee's name, likeness, photographs, mannerisms, and / or voice.

Based on the foregoing, Defendants' objection to Paragraph 7 of Linda Cadwell's declaration should be OVERRULED.

F.      **Paragraph 8.**

Defendants object to the admission of the statement made by Linda Cadwell in Paragraph 8 of her declaration as to Linda Cadwell's discussion of the assignment and gift to Shannon Lee of all of Linda Cadwell's right, title and interest in Concord Moon.  Under Fed. R. Civ. P. 56(c)(4), "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  The statement contained in Paragraph 8 was based on Linda Cadwell's personal knowledge of the matter asserted as the wife and widow of Bruce Lee, the administrator of Bruce Lee's estate, and, for nearly 40 years, the proprietor of Bruce Lee's name, likeness, photographs, mannerisms, and / or voice.

Based on the foregoing, Defendants' objection to Paragraph 8 of Linda Cadwell's declaration should be OVERRULED.

## III.   **Paragraph 4 of the Declaration of Bob Goetz.**

Defendants object to the admission of the statement made by Bob Goetz in Paragraph 4 of his declaration regarding the damages associated with Defendants' unauthorized use of the name, photograph, and image of Bruce Lee.  Under Fed. R. Civ. P. 56(c)(4), "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  The statement contained in Paragraph 4 was based on Bob Goetz' personal knowledge of the matter asserted as the President and Chief Executive Officer of Trinity Products, Inc., a company that manufactures, markets, and distributes t-shirts using the name and image of Bruce Lee and is also a licensee (formerly) of BLE.

Based on the foregoing, Defendants' objection to Paragraph 4 of Bob Goetz' declaration

should be OVERRULED.

**IV.    Paragraphs 3 and 4 of the Declaration of Chan Mei Yi.**

Defendants object to the admission of the statement made by Chan Mei Yi in Paragraphs 3 and 4 of her declaration regarding the images contained on Exhibits CMY-1 and CMY-2 of of Ms. Yi's declaration being those of Bruce Lee and not Mr Yien Biao's image as asserted previously by LV in this proceeding, under oath.  Under Fed. R. Civ. P. 56(c)(4), "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  The statement contained in Paragraphs 3 and 4 were based on Chan Mei Yi's personal knowledge of the matters asserted pursuant to her personal discussions of the same with Mr. Yien Biao and her own personal knowledge of the facts asserted as the result of Ms. Yi's longtime employment by and association with Mr. Yien Biao.

Based on the foregoing, Defendants' objection to Paragraphs 3 and 4 of Chan Mei Yi's declaration should be OVERRULED.

**V.     Declaration of Kristopher Storti.**

**A.      Paragraph 7.**

Defendants object to the admission of the statement made by Kristopher Storti in Paragraph 7 of his declaration regarding the damages associated with Defendants' unauthorized use of the name, photograph, and image of Bruce Lee.  Under Fed. R. Civ. P. 56(c)(4), "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  The statement contained in Paragraph 7 was based on Kristopher Storti's personal knowledge of the matters asserted as the Chief

Operating Officer and General Counsel of BLE, the exclusive rights holder and proprietor of the name, photograph, and image of Bruce Lee, among numerous other intellectual property rights associated with Bruce Lee also owned, marketed, and protected by BLE.  Additionally, Kristopher Storti has testified to these same matters, under oath, during a deposition conducted by counsel for Defendants at which time counsel for Defendants had fair opportunity to cross examine Kristopher Storti about the source of his knowledge and understanding as it relates to the substance of the statements made by Kristopher Storti in Paragraph 7 of his declaration.

Based on the foregoing, Defendants' objection to Paragraph 7 of Kristopher Storti's declaration should be OVERRULED.

### B.      Paragraph 8.

Defendants object to the admission of the statement made by Kristopher Storti in Paragraph 8 of his declaration.  Under Fed. R. Civ. P. 56(c)(4), "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  The statement contained in Paragraph 8 was based on Kristopher Storti's personal knowledge of the matters asserted as the Chief Operating Officer and General Counsel of BLE, the exclusive rights holder and proprietor of the name, photograph, and image of Bruce Lee, among numerous other intellectual property rights associated with Bruce Lee also owned, marketed, and protected by BLE.  Additionally, Kristopher Storti has testified to these same matters, under oath, during a deposition conducted by counsel for Defendants at which time counsel for Defendants had fair opportunity to cross examine Kristopher Storti about the source of his knowledge and understanding as it relates to the substance of the statements made by Kristopher Storti in Paragraph 8 of his declaration.

Based on the foregoing, Defendants' objection to Paragraph 8 of Kristopher Storti's declaration should be OVERRULED.

**VI.    Declaration of Alex Stephens.**

**A.    Paragraph 4.**

Defendants object to the admission of the statement made by Alex Stephens in Paragraph 4 of his declaration.  Under Fed. R. Civ. P. 56(c)(4), *"An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."* The statement contained in Paragraph 4 was based on Alex Stephens' personal knowledge of the matters asserted as the Senior Vice President of Licensing of BLE since 2008, the exclusive rights holder and proprietor of the name, photograph, and image of Bruce Lee, among numerous other intellectual property rights associated with Bruce Lee also owned, marketed, and protected by BLE.  Additionally, Alex Stephens has testified to these same matters, under oath, during a deposition conducted by counsel for Defendants at which time counsel for Defendants had fair opportunity to cross examine Alex Stephens about the source of his knowledge and understanding as it relates to the substance of the statements made by Alex Stephens in Paragraph 4 of his declaration.

Based on the foregoing, Defendants' objection to Paragraph 4 of Alex Stephens' declaration should be OVERRULED.

**B.    Paragraph 5.**

Defendants object to the admission of the statement made by Alex Stephens in Paragraph 5 of his declaration that other BLE authorized licensees have expressed their concern and displeasure over Defendants' unauthorized use of the name and image of Bruce Lee and have, in

turn, informed Alex Stephens that their businesses have been negatively impacted as inadmissible hearsay.  Under Fed. R. Civ. P. 56(c)(4), "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  The statement contained in Paragraph 5 was based on Alex Stephens' personal knowledge of the matters asserted as the Senior Vice President of Licensing of BLE since 2008, the exclusive rights holder and proprietor of the name, photograph, and image of Bruce Lee, among numerous other intellectual property rights associated with Bruce Lee also owned, marketed, and protected by BLE.  Additionally, Alex Stephens has testified to these same matters, under oath, during a deposition conducted by counsel for Defendants at which time counsel for Defendants had fair opportunity to cross examine Alex Stephens about the source of his knowledge and understanding as it relates to the substance of the statements made by Alex Stephens in Paragraph 5 of his declaration.  Moreover, as part of Alex Stephens' declaration, actual correspondence from third party licensees received by Alex Stephens during the regular course of BLE's business and pursuant to Alex Stephens' position as Senior Vice President of Licensing of BLE was tendered; this correspondence supports the affirmations made by Alex Stephens in his declaration.

Based on the foregoing, Defendants' objection to Paragraph 5 of Alex Stephens' declaration should be OVERRULED.

### C.      Paragraph 6.

Defendants object to the admission of the statement made by Alex Stephens in Paragraph 6 of his declaration that BLE had no knowledge of any business relationship between AVELA and Trends at the time BLE sent its cease and desist letter to Trends.  Under Fed. R. Civ. P.

56(c)(4), "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." The statement contained in Paragraph 6 was based on Alex Stephens' personal knowledge of the matters asserted as the Senior Vice President of Licensing of BLE since 2008, the exclusive rights holder and proprietor of the name, photograph, and image of Bruce Lee, among numerous other intellectual property rights associated with Bruce Lee also owned, marketed, and protected by BLE. Additionally, Alex Stephens has testified to these same matters, under oath, during a deposition conducted by counsel for Defendants at which time counsel for Defendants had fair opportunity to cross examine Alex Stephens about the source of his knowledge and understanding as it relates to the substance of the statements made by Alex Stephens in Paragraph 6 of his declaration. Moreover, as part of Alex Stephens' declaration, actual correspondence from third party licensees received by Alex Stephens during the regular course of BLE's business and pursuant to Alex Stephens' position as Senior Vice President of Licensing of BLE was tendered; this correspondence supports the affirmations made by Alex Stephens in Paragraph 6 in his declaration.

Based on the foregoing, Defendants' objection to Paragraph 6 of Alex Stephens' declaration should be OVERRULED.

DATED: McCordsville, Indiana             SOVICH MINCH, LLP
           September 11, 2012

                                                                /s/ *Theodore J. Minch*

                                         _____
                                         Theodore J. Minch, Attorney No. 18798-49
                                         10099 Chesapeake Drive, Suite 100
                                         McCordsville, Indiana 46055
                                         Telephone:    (317) 335-3601
                                           Facsimile:    (317) 335-3602
                                           timinch@sovichminch.com

                                         Attorneys for Plaintiff Bruce Lee Enterprises, LLC

**CERTIFICATE OF SERVICE**

      This is to certify that a copy of the foregoing Response to Defendants' Objections to Evidence was forwarded this day to the following party representatives of record by placing a copy of the same via the Court's electronic filing system this 28th day of August, 2012:

Theodore J. Minch, Esq.                Erach Screwvala, Esq.
tjminch@sovichminch.com            erach@screwvalallc.com

Bonnie L. Mohr, Esq.                   Melissa Woo, Esq.
bonnie@mohresq.com                  melissa.wooallen@yahoo.com

                                     /s/ *Theodore J. Minch*
                     By: _____
                                      Theodore J. Minch (18798-49)
                                      SOVICH MINCH, LLP