UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――x   Index No.: 1:10-cv-2333
                                (AJN)(AJP)
BRUCE LEE ENTERPRISES, LLC,            :
                       Plaintiff,      ECF CASE
                                       :
        - against -                    DEFENDANTS'
                                       OBJECTIONS TO
A.V.E.L.A., INC., and LEO VALENCIA, an EVIDENCE
individual, URBAN OUTFITTERS, INC.     SUBMITTED BY
and TARGET CORPORATION,           :    PLAINTIFF IN
                                       SUPPORT OF ITS
                                       MOTION FOR
                       Defendants.  :  SUMMARY
                                       JUDGMENT
―――――――――――――――――――――――――――x

Defendants A.V.E.L.A., Inc., Leo Valencia, Urban Outfitters, Inc., and Target Corporation hereby object to the following evidence presented by Plaintiff Bruce Lee Enterprises, LLC in support of its motion for summary judgment.

I.   Declaration of Theodore J. Minch

   1. ¶ 4, exhibit 2

This evidence is objected to on the grounds that the exhibit referenced in this paragraph was not filed under seal, as required by the protective order instated by this Court. As such, confidential information was filed publicly with the court.

2. ¶ 5, exhibit 3

This evidence is objected to on the grounds that the exhibit referenced in this paragraph was not under seal, as required by the protective order instated by this Court. As such, confidential information was filed publicly with the court.

3. ¶ 7

This evidence is objected to on the grounds that Mr. Minch lacks personal knowledge as to the source and validity of the probate documents, referenced in this paragraph and attached to his declaration as exhibits 5A, 5B and 5C. [FRE 602.]  As such, there is no foundation for admission of the evidence.

4. ¶ 8

This evidence is objected to on the grounds that Mr. Minch lacks personal knowledge as to the source and validity of Form TM7 Notice of Opposition and Statement of Grounds, referenced in this paragraph and attached to his declaration as exhibit 6.   [FRE 602.]   As such, there is no foundation for admission of the evidence.

5. ¶ 9

This evidence is objected to on the grounds that Mr. Minch lacks personal knowledge as to the source and validity of the Congressional Tribute to Bruce Lee,

referenced in this paragraph and attached to his declaration as exhibit 7. [FRE 602.] As such, there is no foundation for admission of the exhibit.

6. ¶ 12

This evidence is objected to on the grounds that Mr. Minch lacks personal knowledge as to the source and validity of the September 17, 2010 letter sent by Michael Silbert of Urban Outfitters, referenced in this paragraph and attached to his declaration as exhibit 10. [FRE 602.] As such, there is no foundation for the admission of the exhibit.

7. ¶ 14

This evidence is objected to on the grounds that Mr. Minch has not submitted Exhibits 11A and 11B to the Court.

8. ¶ 15

This evidence is objected to on the grounds that Mr. Minch lacks personal knowledge as to the source and validity of the Federal Estate Tax return filed by the Estate of Bruce Lee, referenced in this paragraph and attached to his declaration as exhibit 12. [FRE 602.] As such, there is no foundation for admission of the exhibit.

II.  Declaration of Linda Cadwell

  1. ¶ 2

This evidence is objected to on the grounds that Ms. Cadwell lacks the personal knowledge to attest that Bruce Lee is an "internationally known and acclaimed movie star and martial artist." [FRE 602.] Additionally, this evidence is objected to on the grounds that Ms. Cadwell's statement that Bruce Lee is an "internationally known and acclaimed movie star and martial artist" is inadmissible opinion testimony. [FRE 701.]  In addition, there is no foundation for admission of the exhibit.

  2. ¶ 3

This evidence is objected to on the grounds that Ms. Cadwell lacks personal knowledge as to the source and validity of the Federal Estate Tax return filed by the Estate of Bruce Lee. [FRE 602.]  As such, there is no foundation for admission of the exhibit.

  3. ¶ 4

This evidence is objected to on the grounds that Ms. Cadwell's statement that "Bruce lee was a domicile of the State of California at the time of his death" is inadmissible opinion testimony [FRE 701]. Additionally, this evidence is objected to on the grounds that it states a legal conclusion.

4. ¶ 6

This evidence is objected to on the grounds that Ms. Cadwell's discussion of the transfer of Bruce Lee's right of publicity is not the best evidence. The original documents detailing the transfer of such rights are the best evidence. [FRE 1002.]

5. ¶ 7

This evidence is objected to on the grounds that Ms. Cadwell's discussion of the contents of Concord Moon LLP's property rights is not the best evidence. The original documents detailing these rights are the best evidence. [FRE 1002.]

6. ¶ 8

This evidence is objected to on the grounds that Ms. Cadwell's discussion of the assignment and gift to Shannon Lee all her right, title and interest in Concord Moon and the right of publicity of Bruce Lee is not the best evidence. The original documents detailing this transfer of rights are the best evidence. [FRE 1002.]

III. Declaration of Bob Goetz

1. ¶ 4

This evidence is objected to on the grounds that Mr. Goetz's testimony that the "promotion, sale, and / or distribution of unlicensed Bruce Lee t-shirts…significantly diminishes Trinity Products' sales and compromises our ability to ensure compliance

with the product quality standards as guaranteed by Bruce Lee Enterprises" is inadmissible opinion testimony. [FRE 701.]

IV. Affirmation of Chan Mei Yi

1. ¶ 3

This evidence is objected to on the grounds that Mr. Chan Mei Yi's testimony that "the images on the t-shirts in CMY-1 and CMY-2 are not those of Mr. Yuen Biao" is inadmissible opinion testimony. [FRE 701.]

2. ¶ 4

This evidence is objected to on the grounds that Mr. Chan Mei Yi's testimony that he "discussed with Mr. Yan Biao in relation to the images on the t-shirts in CMY-1 and CMY-2 [and] Mr. Yuen Biao stated that the images on the t-shirts in CMY-1 and CMY-2 are not himself" is inadmissible hearsay. [FRE 802.]

V. Declaration of Kristopher Storti

1. ¶ 7

This evidence is objected to on the grounds that Mr. Storti's testimony that Defendants have "harmed BLE by diminishing the licensing revenue attributable to apparel products and ha[ve] devalued the various Lee intellectual property rights" is expert opinion testimony by a lay-witness. [FRE 701] Additionally, Mr. Storti lacks the personal knowledge to state Lee's intellectual property rights have been devalued

based on Defendants' conduct. [FRE 602.]  As such, there is no foundation for admission of Mr. Storti's testimony on the purported devaluation of Lee's intellectual property rights.

    2. ¶ 8

This evidence is objected to on the grounds that Mr. Storti's testimony as to Mr. Amato's beliefs and statements is inadmissible hearsay. [FRE 802.]

    3. ¶ 8

This evidence is objected to on the grounds that Mr. Storti's testimony as to what Mad Engine would have done calls for speculation.

### VI.  Declaration of Alex Stephens

    1. ¶ 4

This evidence is objected to on the grounds that Mr. Stephens' testimony as to BLE's revenue losses, diminished value, and license tainting is expert opinion testimony by a lay-witness. [FRE 701]

    2. ¶ 4

This evidence is objected to on the grounds that Mr. Stephens' testimony that "BLE and its licensees have been irreparably harmed by the Defendants" states a legal conclusion.

3. ¶ 5

This evidence is objected to on the grounds that Mr. Stephens' testimony that "other BLE authorized licensees…have expressed their concern and displeasure over Defendants' unauthorized use of the name and image of Bruce Lee" and "have informed [him] that their businesses…have been negatively impacted" is inadmissible hearsay. [FRE 802.]

4. ¶ 6

This evidence is objected to on the grounds that Mr. Stephens' lacks personal knowledge that "we had no knowledge that any other party was involved in the production, distribution, and sale of the posters in question other than Trends, who we personally know was in the business." [FRE 602.] As such, there is no foundation for admission of the evidence.

Dated:   New York, New York
         August 28, 2012

                                      s/Melissa W. Woo_____
                                      MELISSA W. WOO, ESQ., *pro hac vice*
                                      2647 Gateway Road, Suite 105-550
                                      Carlsbad, California 92009
                                      Tel: (877) 787-4855
                                      Fax: (877) 787-6855
                                      E-mail: melissaw@counselatlaws.com

                                                  and

                                      SCREWVALA LLC
                                      244 Fifth Avenue, Suite #E-241
                                      New York, New York 10001
                                      Tel: (212) 252-2501
                                      Fax: (773) 897-2771
                                      E-mail: erach@screwvalallc.com