UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                                   :

BRUCE LEE ENTERPRISES, LLC,
                                                   :

                         Plaintiff,
                                                   :

     - against -
                                                   :           OPINION & ORDER

A.V.E.L.A., INC. and LEO VALENCIA, an                   10 CV 2333 (KMW)
individual, URBAN OUTFITTERS, INC., and     :
TARGET CORPORATION,

                                                   :

                        Defendants.
------------------------------------------------------------X

KIMBA M. WOOD, U.S.D.J.:

     Plaintiff Bruce Lee Enterprises, LLC ("BLE") brought this action against Defendants

A.V.E.L.A., Inc., Leo Valencia, Urban Outfitters, Inc., and Target Corporation (collectively,

"Defendants), alleging that Defendants violated BLE's intellectual property rights by the

unauthorized manufacture and sale of t-shirts bearing images of Bruce Lee.  Both BLE and

Defendants have moved for summary judgment.  In conjunction with their summary judgment

motion, Defendants seek the Court's leave to amend their Answer to include two additional

affirmative defenses.  (Dkt. No. 193).  For the following reasons, the Court DENIES Defendants'

request for leave to amend their Answer.

## I.    PROCEDURAL HISTORY

     Plaintiff originally filed suit in the Southern District of Indiana in April of 2009.  In

March of 2010, the case was transferred to the Southern District of New York.  *Bruce Lee*

*Enters., LLC v. Ecko Complex, LLC*, NO 09-cv-0398, 2010 WL 989909, at *1 (S.D. Ind. Mar.

16, 2010).  On March 31, 2011, the Honorable Laura Taylor Swain, before whom this case was

originally pending,[1] issued an opinion dismissing BLE's claims under the common law of publicity, but refusing to grant Defendants' motion to dismiss BLE's other claims.  *Bruce Lee Enters., LLC v. A.V.E.L.A., Inc.*, No. 10 Civ. 2333, 2011 WL 1327137, at *1 (S.D.N.Y. March 31, 2011) (Swain, J.) (Dkt. No. 107).  Judge Swain held a pretrial conference and issued a Pretrial Scheduling Order on May 20, 2011.  (Dkt. No. 117).  That Order directed the parties that "[a]ll applications to amend pleadings…must be made by June 10, 2011."  (*Id.* at 1.)  Through prior counsel, Defendants amended their answer on June 10, 2011.  (Dkt. No. 121).  On October 31, 2011, Defendants' prior counsel substituted out of the case, (Dkt. No. 130), and was replaced by Defendants' current attorneys on April 12, 2012.  (Dkt. No. 155).

One of Defendants' new attorneys, Melissa Woo, contacted BLE's counsel on July 12, 2012 to request BLE's consent to an amendment to Defendants' answer raising new affirmative defenses to BLE's claims.  (Screwvala Decl. Ex. 2 [Dkt. 193]).  BLE refused consent on July 18, 2011, citing the length of time that had passed since the pleadings had closed.  (*Id.*)  Defendants filed the instant motion on August 1, 2012, requesting leave to amend Defendants' answer to include two affirmative defenses—administrative preemption and a First Amendment argument—not included in their original answer.  (Dkt. No. 193).

## II.   ANALYSIS

Federal Rule of Civil Procedure 15(a)(2) permits parties to amend their pleadings with the court's leave, and directs the court to "freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, under Rule 16(b), scheduling orders "shall not be modified except upon a showing of *good cause*."  Fed. R. Civ. P. 16(b)(4) (emphasis added).  The Second Circuit has reconciled these two provisions by establishing that, once the deadline for amendment set in

---

[1] The case was transferred to Judge Alison Nathan on February 7, 2012 (Dkt. No. 143), and then assigned to the undersigned on December 26, 2012, (Dkt. No. 233).

2

a scheduling order has expired, a motion to amend is governed by the relatively demanding "good cause" standard instead of the more lenient "when justice so requires" standard.  *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339-40 (2d Cir. 2000).  Further, "a finding of 'good cause' depends on the diligence of the moving party."  *Id.* at 340 (internal citations omitted); *see also Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007) (noting that the "primary consideration is whether the moving party can demonstrate diligence," but that courts may also consider prejudice to the nonmoving party).  Put differently, the moving party "must show that the deadlines cannot reasonably be met despite its diligence."  *Rent-A-Center, Inc. v. 47 Mamaroneck Ave Corp.*, 215 F.R.D. 100, 101 (S.D.N.Y. 2003) (McMahon, J.).

Defendants have not shown good cause for their failure to raise these claims previously.  Pleadings have been closed for more than one year, and both sides have already filed motions for summary judgment.  Defendants' only explanation for the delay—that Defendants have changed counsel twice since filing their amended answer—does not constitute "good cause" for a delay of this length.  (Defs. Mem. of Law in Support at 7 [Dkt. No. 195]).  "Absent extraordinary circumstances, a client assumes the risk of his attorney's actions and is bound even by the consequences of his attorney's negligence."  *Lastra v. Weil, Gotshal & Manges LLP*, 2005 WL 551996, *4 (S.D.N.Y. Mar. 8, 2005) (Ellis, Mag. J.) (citing *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666-67 (2d Cir. 1980)).  Indeed, substitution of counsel, even where prior counsel was negligent, has routinely been found not to constitute sufficient good cause to justify amendment following a delay of this length.  *See, e.g.*, *Colon v. S. New England Tel. Co.*, No. 09-CV-0802, 2012 WL 6568444, at *2-3 (S.D.N.Y. Dec. 17, 2012) (Haight, J.) (holding substitution of counsel insufficient cause to warrant amendment); *see also  Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985) (upholding district court's refusal to

3

permit amendment to complaint following discovery where plaintiff discovered basis for claim after new counsel replaced prior neglectful counsel). In short, substitution of counsel alone—without more—does not justifying amending pleadings more than one year after they were closed. Aside from failing to notice a few creative legal arguments, the Court notes that Defendants' prior counsel were diligent. Under these circumstances, the Court finds that Defendants have not shown "good cause" for their failure to amend the answer before the deadline set in Judge Swain's scheduling order.

Finally, because discovery has closed and both parties have filed summary judgment motions, the Court notes that permitting amendment at this stage could prejudice BLE in that BLE conducted discovery unaware of these particular arguments. *See Colon*, 2012 WL 6568444, at *3 (finding prejudice to non-moving party from delayed amendment where plaintiff "conducted discovery without knowing that these new allegations were at issue"). Because the Court declines to grant leave to amend, these defenses are waived and the Court will not consider them in its review of the pending motions for summary judgment.

## III.     CONCLUSION

For the foregoing reasons, Defendants' motion for leave to amend their answer is DENIED.

SO ORDERED.


Dated: New York, New York
       January **30**, 2013

_____
Kimba M. Wood
United States District Judge