UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
:
BRUCE LEE ENTERPRISES, LLC, :
: Index No.: 1:10-cv-2333
: (MEA)(KMW)
Plaintiff, :
: ECF CASE
- against - :
:
A.V.E.L.A., INC., and LEO VALENCIA, an individual,:
URBAN OUTFITTERS, INC. and TARGET :
CORPORATION, :
:
Defendants. :
:
------------------------------------------------------------------------ X


**DEFENDANTS' MOTION IN LIMINE NO. 2 FOR AN ORDER TO PRECLUDE PLAINTIFF FROM INTRODUCING EVIDENCE OF A PRIOR SETTLEMENT AGREEMENT BETWEEN PLAINTIFF AND A THIRD-PARTY DEFENDANT**

Erach F. Screwvala (ES3317)
SCREWVALA LLC
234 West 44th Street, Suite 900
New York, New York 10036
Telephone: (212) 252-2501
Telecopier: (773) 897-2771
Email: erach@screwvalallc.com

Melissa W. Woo (admitted *pro hac vice*)
2647 Gateway Road, Suite 105-550
Carlsbad, California 92009
Tel: (877) 787-4855
Fax: (877) 787-6855
E-mail: melissaw@counselatlaws.com

# I. INTRODUCTION

Defendants A.V.E.L.A., Inc., Leo Valencia, Urban Outfitters, Inc., and Target Corporation (collectively, "Defendants") respectfully submit this Motion in Limine No. 2 for an Order precluding Plaintiff Bruce Lee Enterprises, LLC ("Plaintiff") and their counsel from introducing or referring to evidence of or relating to a settlement agreement between Plaintiff and a third-party Defendant who was initially named in Plaintiff's Complaint.

# II. EVIDENCE AT ISSUE AND RELIEF SOUGHT

On April 1, 2009, Plaintiff filed the original Complaint in this case against Defendants. Plaintiff named Mark Ecko Enterprises, Ltd. ("Ecko") as one of the Defendants. Plaintiff and Ecko subsequently entered into a settlement agreement. On May 26, 2010, the court dismissed all claims as to Ecko pursuant to the terms of their agreement. Defendants believe that Plaintiff may seek to introduce evidence of this prior settlement agreement to prove the validity of Plaintiff's claims against Defendants or to establish the amount of the disputed claim. This evidence is irrelevant, and additionally, its exclusion would promote the public policy favoring the settlement of disputes. Thus, under the Federal Rules of Evidence ("FRE"), this evidence is inadmissible at trial and should be excluded. *See* Fed. R. Evid. 402, 408.

# III. LEGAL STANDARD

Under FRE 408, evidence of statements or conduct that occurred during settlement negotiations may not be admitted by either party to "prove or disprove the amount or validity of a disputed claim." Fed. R. Evid. 408; *see also PRL USA Holdings, Inc. v. United States Polo Ass'n*, 520 F.3d 109, 113-16 (2d Cir. N.Y. 2008) (discussing how the Rule similarly applies to using settlement agreements to prove issues that are "intertwined" or "overlap" with the elements of the disputed claims).

Additionally, FRE 402 further limits the admissibility of evidence. Federal Rules of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Evidence that is not relevant is inadmissible. Fed. R. Evid. 402.

## IV. ARGUMENT

### A. Public Policy Considerations Favor the Exclusion of Settlements

Defendants anticipate Plaintiffs may use the previous settlement agreement to prove Defendant's liability and establish the amount of Plaintiff's claims. The purpose of FRE 408 is to "encourage settlements which would be discouraged if such evidence were admissible." Fed. R. Evid. 408; *see also Trebor Sportswear Co. v. Limited Stores, Inc.*, 865 F.2d 506 (2d Cir. N.Y. 1989) ("In furtherance of the public policy of encouraging settlements and avoiding wasteful litigation, Rule 408 bars the admission of most evidence of . . . settlement . . . Evidence of an offer to compromise, though otherwise barred . . . can fall outside the Rule if it is offered . . . for a purpose other than to prove or disprove the validity of the claims . . . ." Here, any attempt by Plaintiff to use any statements related to its settlement with Ecko would contravene public policy, as it would serve no purpose other than to establish that its claims are viable. Thus, this evidence should be barred under FRE 408.

### B. Ecko's Settlement With Plaintiff is Irrelevant

Although Ecko was originally named as a Defendant, its settlement and dismissal in the matter do not make the facts of this instant case more or less probable than they would be without the evidence. The settlement may have occurred due to circumstances unrelated to Ecko's concession of liability or weakness in its position, such as financial considerations or a

desire for compromise. *See* Fed. R. Evid. 408 advisory committee's note. The fact that that there was a settlement, and any statements made pertaining to the settlement, would serve no purpose other than for Plaintiff to attempt to impute liability to Defendants and prove the amount in controversy. Such evidence does not establish liability, nor does it demonstrate any amount owed by Defendants. Accordingly, FRE 402 and 408 bars admission of such evidence.

## V. CONCLUSION

For all the foregoing reasons, Defendants respectfully request that their Motion in Limine be granted in full.


DATED: October 4, 2013

        By: /s/ Erach F. Screwvala (ES3317)
        SCREWVALA LLC
        234 West 44th Street, Suite 900
        New York, New York 10036
        Telephone: (212) 252-2501
        Telecopier: (773) 897-2771
        Email: erach@screwvalallc.com

        By: /s/ Melissa W. Woo (admitted) *pro hac vice*
        2647 Gateway Road, Suite 105-550
        Carlsbad, California 92009
        Tel: (877) 787-4855
        Fax: (877) 787-6855
        E-mail: melissaw@counselatlaws.com

**CERTIFICATE OF SERVICE**

I, the undersigned, declared under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. My business address is 2647 Gateway Road, Suite 105-550, Carlsbad, California 92009. On this date, I served a true and correct copy of the foregoing:

**DEFENDANTS' MOTION IN LIMINE NO. 2 FOR AN ORDER TO PRECLUDE PLAINTIFF FROM INTRODUCING EVIDENCE OF A PRIOR SETTLEMENT AGREEMENT BETWEEN PLAINTIFF AND A THIRD-PARTY DEFENDANT**

to be electronically filed with the Clerk of the Court using the CM/ECF system, which will effectuate service of the said document upon the following counsel of record as follows:

**SEE ATTACHED SERVICE LIST**

DATED this 4th day of October, 2013.

/s/Kymberly M. Harris
_____
Kymberly M. Harris

**SERVICE LIST FOR:**

BRUCE LEE ENTERPRISES, LLC.
v.
A.V.E.L.A., INC., and LEO VALENCIA, an individual, URBAN OUTFITTERS, INC., and TARGET CORPORATION

Case No.: 1:10-cv-2333 (MEA)(KMW)

| | |
|---|---|
| Theodore J. Minch<br>Sovich Minch, LLP<br>10099 Chesapeake Drive, Suite 100<br>McCordsville, Indiana 46055 | Email: tjminch@sovichminch.com<br>Telephone: (317) 335-3601<br>Fascimile: (317) 335-3602<br>COUNSEL FOR BRUCE LEE<br>ENTERPRISES (*Plaintiff*) |
| Bonnie L. Mohr<br>Law Office of Bonnie L. Mohr<br>236 W. 26th Street, Suite 303<br>New York, New York 10001 | Email: bonnie@mohresq.com<br>Telephone: (212) 736-2624<br>Fascimile: (212) 981-0528<br>COUNSEL FOR BRUCE LEE<br>ENTERPRISES (*Plaintiff*) |