UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------------X
BRUCE LEE ENTERPRISES, LLC                      :
                                                :
         Plaintiff,                             :
                                                :
         vs.                                    :  CASE NO. 1:10-cv-2333 (MEA)
                                                :
A.V.E.L.A., INC., and LEO VALENCIA,             :
an Individual, URBAN OUTFITTERS, INC., and      :  THE HONORABLE
TARGET CORPORATION,                             :     MARVIN E. ASPEN
                                                :
         Defendants.                            :
-----------------------------------------------------------------X
```

**PLAINTIFFS' MOTION IN LIMINE #2 TO EXCLUDE
REFERENCE TO CLAIMS DISMISSED BY AGREEMENT OF THE PARTIES**

Comes now BRUCE LEE ENTEPRISES, LLC ("BLE"), by counsel, and for its motion in limine as precluding the presentation of evidence by Defendants A.V.E.L.A., INC. ("AVELA"), LEO VALENCIA ("LV"), URBAN OUTFITTERS, INC. ("UO"), and / or TARGET CORPORATION ("TC") (AVELA, LV, UO, and TC may be hereinafter referred to as the "Defendants") relating to the claims in the originally filed complaint herein that were ultimately dismissed by BLE pursuant to agreement with Defendants, BLE hereby states and avers as follows:

**I.     INTRODUCTION AND BACKGROUND.**

1.      BLE filed its First Amended Complaint in this matter in the Southern District of Indiana on August 12, 2009 (Dkt 30).

2.      The First Amended Complaint was plead by BLE in ten (10) counts including but not limited to: a) infringement of Bruce Lee's right of publicity under the Indiana Right of Publicity Act, b) infringement of Bruce Lee's right of publicity under the California Right of

Publicity Act, c) infringement of Bruce Lee's right of publicity under the common law, d) trademark infringement under Section 32(A) of the Lanham Act, e) unfair competition under Section 1125(A) of the Lanham Act, f) unfair competition under the common law, g) unjust enrichment, h) conversion under Indiana law, i) deception, and j) action for enhanced damages under the Indiana Crime Victim's Act.

3. On June 10, 2011, BLE filed the Second Amended Complaint in this matter (Dkt. 92).

4. Based upon an agreement with Defendants, Defendants did not contest BLE's filing of the Second Amended Complaint and, in return, several claims from the First Amended Complaint were dismissed, voluntarily, by BLE; the following a) infringement of Bruce Lee's right of publicity under the California Right of Publicity Act, b) infringement of Bruce Lee's right of publicity under the common law, c) unfair competition under Section 1125(A) of the Lanham Act, d) unfair competition under the common law, and e) unjust enrichment.

5. The Court should preclude Defendants from raising any issues as to the dismissed claims at trial.

## II. BRIEF ARGUMENT.

6. Only relevant evidence is admissible. FRE 402; However, even if relevant, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations for undue delay, waste of time, or needless presentation of cumulative evidence." FRE 403.

7. Reference to claims having been raised and dismissed, here, albeit by agreement, does not make the existence of any of the facts of consequence to the determination of the parties' claims and defenses any more or less probable.

8. BLE's remaining claims are based upon

9. At issue here is Defendants' unauthorized use of Bruce Lee's identity and persona under the circumstances cited by BLE in the Second Amended Complaint.

10. If Defendants are allowed to refer to or mention the dismissed claims to the jury, again, those claims dismissed by agreement, the jury may believe that BLE's refusal to proceed on the dismissed claims is somehow indicative of the merit of BLE's remaining claims or, the jury may become confused regarding the dismissal of these claims.

11. The disclosure of these dismissed claims would prejudice BLE in that the jury could draw an erroneous connection between the merit of the dismissed claims and BLE's remaining claims.

12. By virtue of this filing, the parties are not necessarily precluded from discussing BLE's intellectual property rights that formed the basis for the claims that were dismissed.

13. BLE's motion is limited to precluding Defendants from referring to or mentioning the dismissal of these claims and the circumstances surrounding said dismissal.

### III. CONCLUSION.

14. For all the foregoing reasons, BLE respectfully requests that the Court enter an order precluding Defendants from referring to or mentioning the Dismissed Claims.

Dated: October 7, 2013        SOVICH MINCH, LLP,
Indianapolis, Indiana         /s/ *Theodore J. Minch*
                              _____
                              Theodore J. Minch (IN #18798-49)
                              10099 Chesapeake Drive, Suite 100
                              McCordsville, Indiana 46055
                              Telephone:   (317) 335-3601
                              Facsimile:   (317) 335-3602
                              E-mail:      timinch@sovichminch.com

                              *Attorneys for Plaintiff Bruce Lee Enterprises, LLC*

## CERTIFICATE OF SERVICE

       This is to certify that a copy of the foregoing Motion in Limine was forwarded this day to the following party representatives of record by placing a copy of the same via the Court's electronic filing system this 7th day of October, 2013:

| | |
|---|---|
| Theodore J. Minch, Esq.<br>tjminch@sovichminch.com | Erach Screwvala, Esq.<br>erach@screwvalallc.com |
| Bonnie L. Mohr, Esq.<br>bonnie@mohresq.com | Melissa Woo, Esq.<br>melissa.wooallen@yahoo.com |

                                          */s/ Theodore J. Minch*
                          By: _____
                                  Theodore J. Minch (18798-49)
                                  SOVICH MINCH, LLP