UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------X
BRUCE LEE ENTERPRISES, LLC                       :
                                                 :
         Plaintiff,                              :
                                                 :
         vs.                                     :   CASE NO. 1:10-cv-2333 (MEA)
                                                 :
A.V.E.L.A., INC., and LEO VALENCIA,              :
an Individual, URBAN OUTFITTERS, INC., and       :   THE HONORABLE
TARGET CORPORATION,                              :      MARVIN E. ASPEN
                                                 :
         Defendants.                             :
------------------------------------------------------------X
```

## JOINT PRE-TRIAL ORDER

Comes now Plaintiff, BRUCE LEE ENTERPRISES, LLC ("BLE"), by counsel, Theodore J. Minch, and Defendants A.V.E.L.A., INC., LEO VALENCIA, URBAN OUTFITTERS, INC., and TARGET CORPORATION, by counsel Melissa Woo, pursuant this Court's standing order pre for joint pre-trial orders and this Court's Order of September 3, 2013, the parties collectively hereby submit their joint pre-trial order, which is in the following words, to-wit:

**I.     COUNSEL OF RECORD.**

   **A.     PLAINTIFF'S COUNSEL.**

   Theodore J. Minch (IN #18798-49)
   10099 Chesapeake Drive, Suite 100
   McCordsville, Indiana 46055
   Telephone:   (317) 335-3601
   Facsimile:   (317) 335-3602
   E-mail:      tjminch@sovichminch.com

        Bonnie Lynn Mohr (NY #     )
        Law Office of Bonnie L. Mohr
        236 W. 26th Street, Suite 303
        New York, New York 10001
        Telephone:  (212)-736-2624
        Fax:  (212)-981-0528
        Email:  bonnie@mohresq.com

**B.    DEFENDANTS' COUNSEL.**

        Melissa W. Woo-Allen (CA#192056)
        2647 Gateway Road, Suite 105-550
        Carlsbad, California, 92009
        Telephone:  (877) 787-4855
        Facsimile:  (877) 787-6855
        E-Mail:  melissaw@counselatlaws.com

        Erach F. Screwvala (NY #ES3317)
        Screwvala LLC
        244 Fifth Avenue # E-24L
        New York, NY 10001
        Telephone:  (212)-252-2501
        Fax:  (733)-897-2771
        Email:  erach@screwvalallc.com

**II.    SUBJECT MATTER JURISDICTION.**

        This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331; this Court also has subject matter jurisdiction over the claims in this Complaint arising under the Lanham Act pursuant to 15 U.S.C. §1121 and 28 U.S.C. §1338, and various Federal common law principles. This Court has supplemental jurisdiction over BLE's state law claims pursuant to 28 U.S.C. § 1367(a).

**III.    REMAINING TRIAL ISSUES.**

        Following the Court's March 6, 2013 ruling on the parties competing motions for summary judgment, the following issues remain for trial:

      A.      Whether the late, worldwide known martial artist and actor, Bruce Lee, was domiciled in California at the time of his death on July 23, 1973 as required to assert a claim for infringement of a celebrity's post mortem publicity rights under Cal. Civ. Code §3344.1.

      B.      Whether title in and to the late Bruce Lee's post mortem publicity rights and trademark rights under the Lanham Act, 15 U.S.C. § 1125(A) were properly and ultimately transferred to plaintiff, Bruce Lee Enterprises, following Bruce Lee's death on July 23, 1973 to date.   Specifically, the Court determined that there was a genuine issue of material fact whether Concord Moon Idaho, a successor entity in the chain of title in and to the Bruce Lee post mortem publicity rights, ever took possession of Bruce Lee's right of publicity for the purposes of establishing that BLE is the proper entity to assert said claims in this Case.

      C.      Whether there is a likelihood of consumer confusion as to Defendants' use of the Bruce Lee's image in commerce on and in connection with t-shirts and other consumer products under both the common law and Lanham Act, 15 U.S.C. § 1125(A).

      D.      Issues as to the proper award for damages and / or injunctive relief on plaintiff BLEs claims for right of publicity infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1125(A).   Additionally, the Court determined that BLE has not shown that the allegedly infringing merchandise manufactured, advertised, promoted, and / or sold by Defendants had any negative effect on its business apart from reducing its revenue nor has BLE produced any evidence showing how the infringing items have reduced the value of Lee's likeness; so, there remains an issue regarding whether BLE has been irreparably harmed by Defendants' actions, if in violation of any law, such that injunctive relief is necessary in this Case.   Finally, the Court has left open the question of whether BLE is entitled to recovery under its claim for unjust enrichment; that is, the issue at trial as to BLE's unjust enrichment claim is

whether, absent Defendants' misconduct, BLE would have received the profits from the sale of the t-shirts manufactured, advertised, promoted, and sold by Defendants without BLE's permission.

### E. CLAIMS THAT HAVE BEEN DECIDED ON SUMMARY JUDGMENT.

The Court on summary judgment determined that this Court's supplemental jurisdiction over BLE's California State law claim under Cal. Civ. Code §3344.1 was properly before this Court; the Court determined that there was a sufficient nexus between the federal Lanham Act claim and the California right of publicity claim to justify the exercise of supplemental jurisdiction over this matter.

The Court determined that Cal. Civ. Code §3344.1 was constitutional in its application to the facts associated with this Case and, further, that federal copyright law did not pre-empt the assertion of BLE's claims under Cal. Civ. Code §3344 and the Lanham Act in this Case.

While the Court determined there was a genuine issue of fact as to the succession of Bruce Lee's post mortem publicity rights ending with BLE, the Court determined that the fact that Bruce Lee's family, at some point, relinquished his movie rights was of no consequence to the question of whether Bruce Lee's post mortem rights properly transferred to BLE over the years since July 23, 1973.

With regard to Defendants' use of the Bruce Lee post mortem publicity rights, the Court determined, on summary judgment, that after examining the record, there is no genuine issue of material fact as to whether or not Defendants violated Section 3344.1 by manufacturing, soliciting, and selling merchandise featuring the likeness of Bruce Lee without prior consent from BLE.

On BLE's summary judgment motion, the Court determined that that BLE did not show that the allegedly infringing merchandise had any effect on its business apart from reducing its

revenue and that BLE produced no evidence demonstrating how the infringing items have reduced the value of Bruce Lee's likeness; for these reasons, summary judgment was denied on this issue and it remains to be tried. However, as to TC, on BLE's claim for unjust enrichment, the court found TC was not liable because none of the Bruce Lee t-shirts sold by TC were sold in New York or California.

The Court, on summary judgment, determined that Defendants thus do not qualify for the fair use defense because Defendants' use of Bruce Lee's likeness and name was intended to sell the t-shirts, not describe them.

The Court has determined on summary judgment that there is no material issue of fact as to Defendants' (AVELA and LV's) counterclaims for interference with contractual relations and interference with economic advantage.

The Court has determined that Target is not liable for unjust enrichment because it did not sell any t-shirts in California.

## IV. JURY SETTING.

This matter is to be tried by jury. The parties anticipate this Case will require four (4) days to try.

## V. TRIAL BY MAGISTRATE.

Not all parties have consented to trial by magistrate in this Case.

## VI. WITNESSES.

### A. PLAINTIFF'S WITNESSES.

1. Linda Lee Cadwell -- Bruce Lee's widow who will testify, in person, as to Bruce Lee's domicile at the time of Bruce Lee's death and the chain of title in and to Bruce Lee's post mortem publicity rights.

2. Shannon Lee – Bruce Lee's daughter who will testify, in person, as to the chain of title of Bruce Lee's post mortem publicity rights, the harm caused to BLE as a

result of Defendants' infringing use of Bruce Lee's post mortem publicity rights, and, tangentially, the domicile of Bruce Lee at the time of his death.

  3. Kris Storti – COO and General Counsel of BLE who will testify live as to the chain of title of the post mortem publicity rights of Bruce Lee from Bruce Lee's death to present.   Mr. Storti will also testify with regard to the damages sustained by BLE as a result of Defendants' commercial use of Bruce Lee's image and rights of association. Finally, Mr. Storti will testify regarding instances of actual confusion among consumers and BLE licensees with regard to the t-shirts and other commercial products manufactured, promoted, advertised, and, ultimately sold on and / or in connection with Bruce Lee's image is used by Defendants in commerce.

  4. Rebecca (Rebu) June Hui – Friend of the Lee family who worked with Bruce Lee on Lee's films which were produced in Hong Kong.   Ms. Hui will testify, in person, regarding Bruce Lee's domicile at the time of his death.

  5. Robert A. Wall – Friend and real estate agent of the Lee family who, likewise, was Bruce Lee's training partner and who played roles in some of Bruce Lee's film works produced in the United States.   Mr. Wall will testify, in person, regarding Bruce Lee's domicile at the time of his death.

  6. Lee Lurquin – Senior Buyer for Target Corporation, will testify by deposition regarding the sales of t-shirts on which the likeness of Bruce Lee appeared.

  7. Mike Tkach – Buyer for Urban Outfitters, will testify by deposition regarding the sales of t-shirts on which the likeness of Bruce Lee appeared.

  8. Leo Valencia – Owner and proprietor of AVELA.   Mr. Valencia will testify, in person, regarding AVELA's commercial use of Bruce Lee's post mortem publicity rights and the corresponding profits realized by AVELA from AVELA's use commercial use of the Bruce Lee rights.

  9. Mark A. Roesler – Chairmain / CEO of CMG Worldwide, Inc., a celebrity licensing firm that has represented numerous living and deceased sports and entertainment celebrities for the purposes of licensing said celebrity's rights of publicity and trademark rights.   Mr. Roesler will testify, in person, as to BLE's damages resulting from Defendants' commercial use of Bruce Lee's post mortem publicity rights.

**B.** **Defendants' Witnesses.**

  1. Linda Lee Cadwell -- Bruce Lee's widow who will testify, in person, as to Bruce Lee's domicile at the time of Bruce Lee's death and the chain of title in and to Bruce Lee's post mortem publicity rights.

  2. Lee Lurquin – Senior Buyer for Target Corporation, will testify by deposition regarding the sales of t-shirts on which the likeness of Bruce Lee appeared.

      3.      Mike Tkach – Buyer for Urban Outfitters, will testify by deposition regarding the sales of t-shirts on which the likeness of Bruce Lee appeared.

      4.      Leo Valencia – Owner and proprietor of AVELA.  Mr. Valencia will testify, in person, regarding AVELA's commercial use of Bruce Lee's image and the corresponding profits realized by AVELA from AVELA's use commercial use of Bruce Lee's image.

      5.      Dr. Bruce Issacson-President of MMR Strategy Group ("MMR"), a marketing research and consulting firm that has provided marketing research and consulting, in the design, execution, an analysis of many surveys used in intellectual property litigation.  Dr. Issacson will testify, in person, as to whether AVELA's use of Bruce Lee images on t-shirts was likely to confuse consumers as to the source of the goods in question or are likely to believe that he mark's owners sponsored, endorsed, or otherwise approved the t-shirts.

      6.      Fernando Torres-Chief Economist of IPmetrics, an intellectual property economist with nearly 30 years of work experience in economics, financial analysis, and business management in the U.S. and Mexico.  Mr. Torres will testify, in person, to rebut any claim of damages asserted by BLE.

## VII. DESIGNATION OF DEPOSITION TRANSCRIPTS.

The parties expect to designate the deposition transcripts of Lee Lurquin and Mike Tkach.

## VIII. EXHIBIT LISTS.[1]

### A. BLE's Exhibits.

1. Bruce Lee T-shirt sold at Urban Outfitters
2. UO E-mail from Michael Silbert to Mike Tkach (UO014)
3. Bruce Lee T-shirt sold at Target
4. Bruce Lee T-shirt produced by Ecko

---

[1] At the time of the filing hereof, trial is currently set for April 7, 2014, nearly seven (7) months from this date.  Because there are issues that remain to be resolved by motion in limine or motion to exclude, the parties reserve the right to amend or supplement their respective exhibit lists.  Moreover, there are a number of exhibits that have been duplicated between the parties; the respective exhibit lists may be pared down significantly upon the parties conferring as to which exhibits are being presented by which party through which designated witness.

5.  California Probate File
6.  Federal Tax Return Filed by Estate (BLE00220-00228)
7.  Hong Kong Probate Documents (HKProbate01-80)
8.  California Probate Documents (AL00152-00305, 01452-01458)
9.  Envelope for BLE
10. Esquire Magazine (July, 1973)
11. Alex Ben Block Interview
12. *Bruce Lee: Words From A Master* (Contemporary Books; Edited by John Little, 1999)
13. February 4, 1976 cease and desist letter to WH Allen & Company
14. April 30, 1976 cease and desist letter to Dimension Pictures
15. May 26, 1976 C&D Letter to Transit Film
16. California Code Section 3344.1 Registration
17. California Code Section 990 Registrations (BLE00230-00233, 00336-00337, 00339)
18. November 1, 1985 cease and desist letter to Fourseas Company
19. California Code Section 990 Successor in Interest Registrations
20. California Secretary of State Documents (AL000306-000311)
21. Concord Moon Asset Contribution Agreement (BLE00235-00244)
22. Concord Moon LP Agreement (BLE00282-00287)
23. Core Symbol Trademark Registrations in Name of Concord Moon, LP
24. Trademark Transfer (AL000856-000857)
25. Cease and desist of July 28, 2006 to Black Velvet Bruce Lee
26. Cease and desist of September 10, 2007
27. Consent to Action by Partners Concord Moon LP
28. Contribution and Dissolution Agreement for Concord Moon LP (BLE00288-00293)
29. Concord Moon, LLC Partnership Agreement (BLE00304-00335)
30. June 22, 2008 Contribution Agreement from Concord Moon, LP to BLE (Supp. 3)
31. Copyright Transfer from Concord Moon LP to BLE
32. Congressional Tribute to Bruce Lee Dated July 18, 2012

33. AVELA Web Site (BLE00195-00207)
34. AVELA Use of Bruce Lee (BLE01514-01529)
35. AVELA One Sheet Marketing Piece (BLE00067)
36. AVELA Marketing Piece (AL000710-000713)
37. AVELA Inquiry of NV SoS dated August 29, 2009 (AL01530)
38. AVELA Trademark Spreadsheet (AL000822-000824)
39. AVELA Trademark Spreadsheet (AL000919-000923)
40. AVELA Trademark Spreadsheet (AL001010-001013)
41. AVELA Trademark Spreadsheet (AL001085-001088)
42. AVELA Trademark Spreadsheet (AL001222-001225)
43. AVELA Trademark Spreadsheet (AL001283-001286)
44. AVELA Trademark Spreadsheet (AL001336-001339)
45. AVELA Trademark Spreadsheet (AL001400-001403)
46. AVELA Image2000 License Agreement (AL00007-00019)
47. AVELA Thunder SportsWear License Agreement (AL00020-00030)
48. AVELA Mad Engine License Agreement Including Samples (AL00031-00066)
49. AVELA Trau & Loevener License Agreement Including Samples (AL00068-00087)

50. AVELA American Classics License Agreement Including Samples (AL00088-00114)
51. AVELA BalzOut License Agreement Including Samples (AL00115-00147)
52. AVELA Uses of Bruce Lee (AL01557-01559)
53. AVELA BalzOut Reports (AL01577-01586)
54. BalzOut Correspondence (AL01971-01973, 01975)
55. AVELA American Classics Correspondence (AL000148-0151)
56. AVELA Royalty Reports (AL01587-01589)
57. AVELA Royalty Reports (AL01600-01615)
58. Trends Purchase Orders (AL01954-01965, 01974)
59. Trends Correspondence (AL01968-01970, 01975-01978 02129-02130)
60. Saint Lounges Correspondence (AL02038-02040)
61. AVELA Licensing Revenue Spreadsheet for Period 2006-2010
62. Urban Outfitters Correspondence (AL01533-01534, 1694-1695)
63. Urban Outfitters Sales Spreadsheets (UO001-0013)
64. Urban Outfitters Online Advertisement (BLE00186)
65. Target Corporation Sales Spreadsheets (Target001-003)
66. Target Corporation Purchase Orders (Target004-0015)
67. Target Corporation Online Partner Agreements (Target0015-0041)
68. BLE Website Screenshots (BLE00515-00520)

70. BLE Revenue Spreadsheet for Period 2009 - 2011 (BLE510)
71. BLE Organization Chart (Key Employees) (BLE00514)
72. Trademark Report (BLE00524-00544)
73. BLE Licensee List (BLE00509)
74. BLE Licensee List (BLE00521-00522)
75. Trademark Products License Agreement (BLE00463-00468)
76. Lucky Brand License Agreement (BLE00355-00359)
77. Trinity Products License Agreement (BLE00360-00364)
78. FIPO License Agreement (BLE00365-00369)
79. B&H License Agreement (BLE00379-00383)
80. Hot Toys Limited License Agreement (BLE00384-00387)
81. Fabric Flavours License Agreement (BLE00388-00395)
82. Homage License Agreement (BLE00404-00406)
83. Gin Yuh Man License Agreement (BLE00422-00430)
84. Trevco License Agreement (BLE00431-00433)
85. Impact License Agreement (BLE00434-00436)
86. Gas As Interface License Agreement (BLE00440-00444)
87. My United (BLE00450-00452)
88. Undrcrwn License Agreement (BLE00431-00433)
89. Bandai License Agreement (BLE00469-00477)
90. Dentsu License Agreement (BLE00481-00484)
91. Hybrid Studio License AgMalu Holland License Agreement (BLEXXXXX)
92. Supreme License Agreement (BLE00016-00019)
93. Robe Factory License Agreement (BLE00025-00028)
94. Bow & Arrow License Agreement (BLE00029-00032)
95. Hybrid Studio License Agreement (BLE00034-00040)

96. Copasetic Clothing License Agreement (BLE00088-00092)
97. Betabrand License Agreement (BLE00118-001reement (BLE00135-00141)
98. Greenlight License Agreement (BLE00142-00157)
99. Jerry Leigh License Agreement (BLE00040-00040)
100. Empire Apparel License Agreement (BLE00051-00055)
101. Worn Free License Agreement (BLE00056-00060)
102. Trademark Products License Agreement (BLE00070-00073)
103. Mad Engine License Agreement (BLE00179-00182)
104. Krone License Agreement (BLE00395-00402)
105. Art Brands License Agreement (BLE00003-00006)
106. January 29, 2009 BLE c&d to AVELA
107. October, 2009 and November 2010 E-mails from Aquarius Regarding Trends Infringement
108. American Classics cease and desist dated 01/03/07
109. American Classics 01/15/07 reply to 01/03/07 cease and desist (AL00150-00151)
110. American Classics Correspondence to AVELA re BLE c&d (AL01966-01967)
111. American Classics Correspondence (AL01740-1743)
112. Funko Correspondence (AL01865-01868)


113. Trends Letter of April 26, 2010 to Kris Storti
114. Shaw Hey E-mail of 01/25/2011 (BLE00545)
115. AVELA Uses of Bruce Lee (BLE00187-00204)
116. Shannon Lee Email dated 10/26/00
117. UK Trademark Office Findings
118. Examples of Ongoing Sales of Bruce Lee Product by AVELA
119. UO Cease and Desist Letter Dated September 24, 2009 (UO015-016)
120. UO Letter to B&H w/ Attachment Dated September 17, 2009

  **B. Defendants' Exhibits.**

Defendant's exhibit list is hereby incorporated herein as an attachment.

**IX. STATEMENT OF QUALIFICATIONS OF EXPERTS.**

  **A. BLE's Statement.**

Mark Roesler, Founder and CEO of CMG Worldwide, Inc., started CMG over thirty years ago with the purpose of protecting the rights of famous deceased people, as well as generating income for their estates by marketing their names and likenesses to third party licensees desiring to align their businesses, products, and services with the names, likenesses, and personae of these celebrities.   Mr. Roesler's first two clients were the estates of Elvis

Presley and James Dean.   Over the years, Mr. Roesler has negotiated thousands of license agreements for the use of these intellectual property rights on and / or in connection with countless businesses, goods, and / or services, around the world, by said third parties.

Today, with Mr. Roesler's oversight and following the vision he developed over thirty years ago, CMG's client list has grown to over 250 deceased and living personalities.    Also at Mr. Roesler's direction, CMG lobbies for the creation of special laws that will protect the images or likenesses of famous personalities for years to come.

Mr. Roesler has represented the estates of many celebrities in high-profile litigation over the protection of said celebrities' names and likenesses. He has been called upon many times to provide expert witness testimony pertaining to the net worths of various living and deceased celebrities and / or various brand and product names and logos. CMG Worldwide is headquartered in Indianapolis, Indiana.

    **B.**    **Defendants' Statement.**

        **1.**    **Dr. Bruce Issacson.**

Dr. Bruce Isaacson is the owner and president of MMR Strategy Group, a marketing research and consulting firm. His firm has provided marketing research and consulting for approximately 35 years and specializes in the design, execution, and analysis of thousands of surveys that are used in intellectual property litigation.    Dr. Isaacson received his Doctor of Business Administration and Master of Business Administration from Harvard. While at Harvard, Dr. Torres authored over 14 publications on marketing and strategy. He has since taught marketing and strategy for executive groups, executive MBA programs, and has won awards from institutions including Penn State University, and Harvard, for his own research.

Dr. Isaacson regularly presents on topics related to the use of research and surveys in intellectual property litigation. He speaks at law firms and bar associations, and spoke at the American marketing Association's annual marketing research conference in 2008. He has served

as an editor of the *Journal of Business to Business Marketing* for nearly a decade, and has authored numerous published articles and studies related to business strategy and marketing. Dr. Isaacson is an active member in a variety of organizations, including the International Trademark Association, *The Trademark Reporter Committee*, and the Counsel of American Survey Research Organizations and has provided expert testimony in over 20 cases in the last decade.

        2.        **Fernando Torres.**

Mr. Torres is an intellectual property economist with nearly 30 years of experience in economics, financial analysis, and business management in both the United States and Mexico. He has a Master of Science Degree in Econometrics from the University of London, England, and obtained his Bachelor of Arts Degree in Economics. His career has spanned from academia, to work in the government sector, to private industry and financial consulting.

Currently, Mr. Torres works as the Chief Economist at IPmetrics LLC, an intellectual property consulting firm that specializes in the strategic analysis, valuation, and assessment of invaluable assets. Mr. Torres regularly presents on topics related to intellectual property valuation, and has authored numerous articles, book chapters, and studies related to the valuation of copyrights, trademarks, patents, and rights of publicity in such industries as apparel, retail, and entertainment. During the past few years, Mr. Torres has been the instructor for the course "Valuing Intangible Assets for Litigation," which is a requirement for the Certified Forensic Financial Analyst certification issued by the National Association of Certified Valuation Analysts. During the 1980s, Mr. Torres was a Professor of Economics at the Metropolitan University in Mexico City, where he taught courses in economic policy, economic growth, microeconomics, and quantitative methods.

Among the many of Mr. Torres' professional associations, he serves as a member of the National Association of Forensic Economics, the Western Economics Association International, and the Society for Computational Economics. Since 2005, he has served as an expert witness in nearly 40 civil lawsuits relating to the valuation of intellectual property.

## X. NUMBER OF JURORS.

The parties have agreed to 9 jurors with 2 alternate jurors (given the four (4) expected length of trial).

## XI.  STATEMENT OF DAMAGES.

BLE's present itemized statement of damages is as follows:

**Defendant's Profits--**

    Defendants' Profits:   AVELA's Guarantees from Bruce Lee Licenses:   $271,000
    Monies Realized by AVELA According to Royalty Reports:   $109,241.38
    TC Profit from Sales of Bruce Lee T-shirts:   $1,581
    UO Profit from Sales of Bruce Lee T-shirts: $128,589

    Total Profit from Sales of Bruce Lee Merchandise:   $510,411.38

**Lanham Act Enhancement--**

    Lanham Act Enhancement for Willful Infringement: $1,531,234.14

**Costs--**

    Lost Opportunity Costs:   $175,000
    Costs:   $95,000 (est)

**Attorneys' Fees--**

    Attorneys Fees:   $974,189

***BLE's Total Damages Claim:   $2,776,423.14***

## XII. SETTLEMENT.

While the parties are preparing for trial in earnest, the parties are continuing to engage in ongoing settlement discussions. The parties have engaged in formal mediation with the Honorable Magistrate Peck of this Court presiding over the mediation proceedings and the parties have likewise voluntarily engaged in past settlement communications.

Dated:   McCordsville, Indiana        SOVICH MINCH, LLP
         October 9, 2013

                                      /s/ *Theodore J. Minch*
                                      _____
                                      Theodore J. Minch (IN #18798-49)
                                      10099 Chesapeake Drive, Suite 100
                                      McCordsville, Indiana 46055
                                      Telephone:   (317) 335-3601
                                      Facsimile:   (317) 335-3602
                                      E-mail:      timinch@sovichminch.com

                                      *Attorneys for Plaintiff Bruce Lee Enterprises, LLC*

Dated:   Carlsbad, California
         October 9, 2013

                                      /s/ *Melissa W. Woo*
                                      _____
                                      Melissa W. Woo (CA#192056)
                                      2647 Gateway Road, Suite 105-550
                                      Carlsbad, California, 92009
                                      Telephone:   (877) 787-4855
                                      Facsimile:   (877) 787-6855
                                      E-Mail:      melissaw@counselatlaws.com