UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------
BRUCE LEE ENTERPRISES, LLC,

      Plaintiff,

    - against -         1:10 C 2333 (MEA)
                   __ORDER__

A.V.E.L.A., INC., and LEO VALENCIA,
an individual, URBAN OUTFITTERS, INC.,
and TARGET CORPORATION,

      Defendants.
-----------------------------------------------------------

MARVIN E. ASPEN, United States District Judge:

   Presently before us are multiple motions in limine that the parties filed in anticipation of

trial. (Dkt. Nos. 243–49.) The facts of this case are set forth in the parties' Rule 56.1 statements

(Dkt. Nos. 176, 191, 211, 215) and the court's summary judgment order. (Dkt. No. 236.) We

need not repeat them here, except as relevant to the present motion. On August 12, 2012,

Plaintiff Bruce Lee Enterprises, LLC ("BLE"), filed a motion for summary judgment, which

Judge Wood granted in part and denied in part. (Dkt. Nos. 192, 236.) In accordance with the

court's subsequent order for the parties to prepare for trial (Dkt. No. 238), the parties filed six

motions in limine on October 4 and 7, 2013, and corresponding responses on November 4 and

27. We discuss each of the motions in detail below.

**DISCUSSION**

   "A district court's inherent authority to manage the course of its trials encompasses the

right to rule on motions *in limine*." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d

173, 176–77 (S.D.N.Y. 2008) (citing *Luce v. Unites States*, 469 U.S. 38, 41 n.4, 105 S. Ct. 460,

463 (1984)).  The purpose of a motion in limine is to facilitate an efficient trial "by enabling the

Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that

are definitely set for trial, without lengthy argument at, or interruption of, the trial."  *Palmieri v.*

*Defaria*, 88 F.3d 136, 141 (2d Cir. 1996); *Weiss v. La Suisse, Societe D'Assurances Sur La Vie*,

293 F. Supp. 2d 397, 407 (S.D.N.Y. 2003).  Because a ruling on a motion in limine is "subject to

change as the case unfolds," this ruling constitutes a preliminary determination in preparation for

trial.  *See Luce*, 469 U.S. at 41, 105 S. Ct. at 163 ("[T]he district judge is free, in the exercise of

sound judicial discretion, to alter a previous in limine ruling."); *Highland Capital Mgmt.,* 551 F.

Supp. at 176.  A district court's rulings on in limine motions will be reversed only where the

court abuses its discretion.  *Basile v. Spagnola*, 346 Fed. Appx. 687, 689 (2d Cir. 2009).

     Rule 402 of the Federal Rules of Evidence provides that, with certain exceptions, all

relevant evidence is admissible.  Fed. R. Evid. 402.  Evidence is relevant if it "has any tendency

to make a fact more probable or less probable than it would be without the evidence" and "the

fact is of consequence in determining the action."  Fed. R. Evid. 401.  Under Rule 403, however,

the trial court has "broad discretion to exclude even relevant evidence if its probative value is

substantially outweighed by the danger of confusion of the issues or if it would be needlessly

cumulative."  *Highland Capital Mgmt.,* 551 F. Supp. 2d at 176 (citing *United States v.*

*Beech–Nut Nutrition Corp.*, 871 F.2d 1181, 1193 (2d Cir. 1989) (citing Fed. R. Evid. 403;

*United States v. Carter*, 801 F.2d 78, 83 (2d Cir. 1986))).  Rule 403 also provides for the

exclusion of relevant evidence if "its probative value is substantially outweighed by the danger of

unfair prejudice."  Fed. R. Evid. 403.  Evidence is prejudicial under Rule 403 if it "involves some

adverse effect . . . beyond tending to prove the fact or issue that justified its admission into

evidence." *United States v. Gelzer*, 50 F.3d 1133, 1139 (2d Cir. 1995). The Court will exclude

such evidence if it has "an undue tendency to suggest decision on an improper basis, commonly,

though not necessarily, an emotional one." Fed. R. Evid. 403, advisory committee's notes.

Because Rule 403 excludes relevant evidence, "it is an extraordinary remedy that must be used

sparingly." *George v. Celotex Corp.*, 914 F.2d 26, 31 (2d Cir. 1990). The "district court retains

broad discretion to balance the evidence's potential prejudice . . . against its probative value."

*United States v. Downing*, 297 F.3d 52, 59 (2d Cir. 2002). With these rules in mind, we assess

the following motions in limine.

### I. Defendants' Motions in Limine

#### A. Defendants' Motion in Limine No. 1 for an order to preclude Plaintiff from introducing other lawsuits and third-party cease and desist letters involving Defendants

We grant Defendants' motion to preclude Plaintiff from introducing particular lawsuits

involving Defendants in light of Plaintiff's response that it "has no intention of introducing any

evidence and/or mentioning the foregoing litigation in any manner." (Dkt. No. 264, at 2.) We

next address Defendants' motion to preclude Plaintiff from introducing third-party cease and

desist letters involving Defendants.

Defendants seek to exclude the introduction of certain cease and desist letters[1] sent by

---

[1]Plaintiff will seek to introduce the following letters at trial: Cease and Desist Letter Dated September 24, 2009 to defendant Urban Outfitters (UO015-016), Shaw Hey E-mail of 01/25/2011 (BLE00545), Trends Letter of April 26, 2010 to Kris Storti, January 29, 2009 BLE c&d to AVELA, October, 2009 and November 2010 E-mails from Aquarius Regarding Trends Infringement, American Classics cease and desist dated 01/03/07, American Classics 01/15/07 reply to 01/03/07 cease and desist (AL00150-00151), American Classics Correspondence to AVELA re BLE cease and desist letter (AL01966-01967), American Classics Correspondence (AL01740-1743), Funko

Plaintiff to Defendants and/or Defendants' allegedly unauthorized licensees of the name, image, and/or likeness of Bruce Lee.  (Dkt. No. 243.)  Defendants argue that allowing Plaintiff to introduce these letters would lead to "a mini trial as to the merits (or lack thereof) of each issue raised in the cease and desist letter[.]"  This would be "an undue delay, waste of time, and extremely prejudicial to Defendants" under Rule 403.  (*Id*. at 4.)

According to Plaintiff, these cease and desist letters were sent to Defendants and/or unauthorized licensees of Defendants as a result of the malfeasance that Plaintiff has alleged in this case.  (Dkt. No. 264, at 3.)  Additionally, Plaintiff states that "[t]here is no appreciable additional time that would be required to try this case . . . because AVELA's principle, LV, is a listed witness, had communications with these licensees who received [Plaintiff's] letters and could testify as to the remedial measures, if any engaged by Defendants once these letters came to Defendants' question."  (*Id*. at 4.)

Relevant evidence may be excluded only if "its probative value is substantially outweighed" by the dangers of undue delay, waste of time, and prejudice.  Fed. R. Evid. 403.  We find that the probative value of the letters is not substantially outweighed by these dangers. Because Plaintiff sent these letters to Defendants about the alleged infringing products in this case, the letters are neither prejudicial, nor a waste of time.  And because Plaintiff's witness can testify as to the letters, there will be no undue delay.  The letters should not be excluded from the jury's consideration of the facts in this case.  We therefore deny Defendants' motion to preclude Plaintiff from introducing third-party cease and desist letters involving Defendants.

---

Correspondence (AL01865-01868), and cease and desist letter of September 10, 2007.  (Dkt. No. 264, at 3.)

### B. Defendants' Motion in Limine No. 2 for an order to preclude Plaintiff from introducing evidence of a prior settlement agreement between Plaintiff and a Third-Party Defendant

In light of the fact that Plaintiff "has no opposition" to Defendants' motion to preclude Plaintiff from introducing evidence of a prior settlement between Plaintiff and Mark Ecko Enterprises, Ltd. ("Ecko"), (Dkt. No. 265, at 1), we grant Defendants' motion in limine.  Under Rule 408, evidence of statements or conduct that occurred during settlement negotiations may not be admitted by either party to "prove or disprove the amount or validity of a disputed claim." Fed. R. Evid. 408; *see also PRL USA Holdings, Inc. v. United States Polo Ass'n*, 520 F.3d 109, 113–16 (2d Cir. 2008) (discussing how Rule 408 similarly applies to using settlement agreements to prove issues that are "intertwined" or "overlap" with the elements of the disputed claims). The public policy behind Rule 408 is to "encourage settlements which would be discouraged if such evidence were admissible."  Fed. R. Evid. 408.  Although we grant Defendants' motion to exclude evidence of the prior settlement agreement between Plaintiff and Ecko, Plaintiff retains the right to introduce such evidence should Defendants open the door at trial to the introduction of said evidence.

### C. Defendants' Motion in Limine No. 3 to preclude Plaintiff from introducing testimony of two newly identified witnesses, an audio recording, and an addressed envelope not previously disclosed during discovery

In light of our previous ruling allowing the parties to reopen discovery for the limited purpose of deposing Rebecca June Hui and Robert A. Wall (Dkt. No. 258) and the fact that Defendants have not sought to raise the issue again, we deny Defendants' motion as moot.

### D. Defendants' Motion in Limine No. 4 to preclude undisclosed opinions of Kristopher Storti

At trial, Plaintiff intends to have Kristopher Storti, the Vice President and General Counsel of BLE,[2] testify as to the diminution of licensing revenue as a result of Defendants' allegedly unauthorized licensing activity.  (Dkt. No. 267, at 1.)  Defendants argue that because the scope of this testimony was not made known to Defendants in Plaintiff's Rule 26 disclosures and because Storti testified at his deposition that he did not have an opinion as to the quantity of diminished revenue, Storti should be precluded from offering this opinion at trial.  (Dkt. No. 246, at 2.)

At his deposition on April 20, 2012, Storti offered general opinions about BLE's diminished licensing revenues attributed to Defendants' purported infringing goods, but explained that he had not conducted any analysis or financing regarding what the overall diminished licensing revenue was.  (Dkt. No. 246 (citing Storti Dep. at 140:12–141:4).)  Additionally, Defendants argue that Plaintiff did not identify Storti as an expert nor disclose his opinion as to damages in its initial disclosure, which was due by May 27, 2011.  (Dkt. No. 246, at 3.)  He should therefore "be barred from offering any new opinions at the time of trial."  (*Id*.)

Plaintiff counters that since June 2011, Storti and the nature of his testimony as President and General Counsel for BLE have been made known to Defendants.  (Dkt. No. 267, at 2.)  Although Storti had not conducted for his deposition any analysis or financing regarding the

---

[2]  Storti is responsible for the "Operation of BLE, BLE's licensing activities, BLE's activities in the protection of the Right of Publicity, trademarks, and copyrights of the late Bruce Lee."  (Dkt. No. 267 (citing BLE's Rule 26(a) disclosures, at 2).)

diminished licensing revenue attributable to Defendants' conduct, Plaintiff emphasizes that Storti "did not state that his scope of expertise as Vice President and General Counsel for BLE or his professional background as a tax litigation specialist would somehow preclude him from making the conclusion requested." (*Id*. at 3.)  Plaintiff adds that Storti's deposition notice did not require him to be prepared to make specific conclusions with regard to diminished licensing revenue. (*Id*.)  Lastly, Plaintiff offered to make Storti available for counsel's further inquiry as to these specific issues.  (*Id*.)

Rule 37 provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  During the course of discovery, Plaintiff had the opportunity, both in its initial disclosures and through Storti's testimony, to provide the information to Defendants as to its diminution of licensing revenue, which allegedly resulted from Defendants' allegedly unauthorized licensing activity.  The record before us does not show that this disclosure was ever made.  Because Plaintiff opted not to disclose this information, however, Plaintiff may not introduce such evidence through Storti at trial.  Accordingly, we grant Defendants' motion.

## II. Plaintiff's Motions in Limine

### A. Plaintiff's Motion in Limine No. 1 to exclude evidence of Defendants' alleged costs

While it is Plaintiff's burden to show Defendants' amount of sales of the alleged infringing product, it is Defendants' burden to show all elements of deductions.  *Maltina Corp. v.*

*Cawy Bottling Co., Inc.*, 613 F.2d 582, 586 (5th Cir. 1980) (citing 15 U.S.C. § 117); *Maier*

*Brewing Co. v. Fleischmann Distilling Corp.*, 390 F.2d 117, 124 (9th Cir. 1968).

Plaintiff argues that we should preclude Defendants from presenting evidence of their

alleged costs of manufacturing, marketing, licensing, and selling apparel and merchandise on or

in connection with which the name and likeness of Bruce Lee was used.  (Dkt. No. 247, at 1.)

Despite Plaintiff's request that Defendants—A.V.E.L.A., Inc. ("AVELA"), Leo Valencia ("LV"),

Urban Outfitters, Inc. ("UO"), and Target Corporation ("Target")—provide Plaintiff with

documents and other evidence associated with their revenues, offset by costs, from the alleged

infringing products, Plaintiff alleges that these Defendants "have produced no documentary

evidence regarding costs, and its deposition testimony was vague and unspecific[.]" (*Id*. at 1–2

(citing Plaintiff's First Set of Requests for Production No. 6).)  Specifically, Plaintiff argues

(1) that AVELA and LV have not produced any documentary evidence regarding its aggregate

costs for licensing the name and/or likeness of Bruce Lee, and (2) that AVELA and AV failed to

testify to the revenue or costs that AVELA and/or AV had realized from the sale of the alleged

infringing products.  (*Id*. at 3.)  Although UO produced some documentary evidence, it was

unprepared to elaborate in its deposition as to what the documents purported to represent

regarding UO's revenue associated with UO's sale of the alleged infringing products.  (*Id*.)

Therefore, "AVELA, AV, and/or UO have not upheld their burden of proving costs despite

[Plaintiff's] repeated attempts to discover information, testimony, and/or documents related

thereto." (*Id*. at 3.)  Plaintiff contends that were we to allow Defendants to present this evidence

that Plaintiff previously sought from them, but did not receive, Plaintiff "would be greatly

prejudiced."  (*Id*. at 2.)

-8-

Defendants argue that they did produce the evidence that Plaintiff sought through their response to Plaintiff's Request for Production and through their depositions, namely, "the documents and things *related to* the costs associated with licensing Bruce Lee merchandise." (Dkt. No. 260, at 2.)  Specifically, Defendants state that (1) in its deposition, AVELA identified and discussed royalty reports from over nine licensees and produced these reports as well as the corresponding licensing agreements; (2) UO explained in its deposition the figures set forth in UO's sales analysis of Bruce Lee t-shirts; and (3) Target disclosed a sales analysis report during discovery and verified this information in its deposition.  (*Id*. at 3–4.)  Moreover, Defendants point out that Plaintiff failed to meet and confer with them or seek to compel the information that Defendants allegedly did not provide.  (*Id*. at 2 (citing Fed. R. Civ. P. 37(a)(3).)

The purpose of the Federal Rules of Evidence is to prevent unfair and prejudicial surprise. *Jones v. New York City Health & Hospitals Corp*., 102 F. App'x 223, 226 (2d Cir. 2004) (citing *Zinman v. Black and Decker (U.S.), Inc*., 983 F.2d 431, 436 (2d Cir. 1993)).  Although Plaintiff contends that if Defendants are allowed to present evidence related to its costs, Defendants would "unfairly minimize their realized revenues" in a way that would "mislead the jury" (Dkt. No. 247, at 2–3), Plaintiff had the opportunity to compel further discovery on the information to seek clarification as to the evidence Defendants have already submitted to Plaintiff.  *See Maltina*, 613 F.2d at 586 ("If the plaintiffs objected to [defendant's] estimate of its net profits . . . they were to file their objection with the court[.]").  Plaintiff also had the opportunity retain an expert to analyze the information that Defendants submitted.  Plaintiff, however, did neither within the allotted time for discovery.

We deny Plaintiff's motion in part and grant it in part.  We deny Plaintiff's motion to

exclude the evidence that Defendants have already disclosed as to their costs.  Because, however, Defendants are barred from using evidence at trial that was not disclosed during discovery, Fed. R. Civ. P. 37(c)(1), we grant Plaintiff's motion as to evidence of costs that Defendants failed to disclose to Plaintiff.

### B. Plaintiff's Motion in Limine No. 2 to exclude reference to claims dismissed by agreement of the parties

In light of the fact that Defendants have not opposed Plaintiff's motion in limine to exclude reference to claims dismissed by agreement of the parties, we grant Plaintiff's motion.

### CONCLUSION

Plaintiff's and Defendants' motions in limine are hereby resolved as detailed above.  All evidence for trial must comply with this opinion and the Federal Rules of Evidence.

Parties are requested to file their proposed verdict form and any fact stipulations by March 28, 2014.  These filings were originally due by October 25, 2013, and February 1, 2014, respectively.  Additionally, the parties shall appear for a pretrial conference on Friday, April 11, 2014, at 9 a.m.  Jury selection shall begin immediately thereafter.

It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated:        Chicago, Illinois
              March 18, 2014

-10-