UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------
BRUCE LEE ENTERPRISES, LLC,

          **Plaintiff,**

      - against -                        1:10 C 2333 (MEA)
                                               **MEMORANDUM OPINION
                                               AND ORDER**

A.V.E.L.A., INC., and LEO VALENCIA,
an individual, URBAN OUTFITTERS, INC.,
and TARGET CORPORATION,

          **Defendants.**
------------------------------------------------------------

MARVIN E. ASPEN, United States District Judge:

      Erach F. Screwvala, counsel for all four Defendants in this matter, has moved to withdraw from this case and requests that we stay the filing of the pre-trial order and trial date. Based on our reasons set forth below, we deny the motion.

      **A. Procedural History**

      The trial in this case is scheduled to begin on April 11, 2014. Last December 20, 2013, Defendants A.V.E.L.A., Inc. ("AVELA") and Valencia informed Screwvala that they wished to substitute counsel.[1] (Screwvala Decl., Dkt. No. 279, ¶ 3, Ex. A.) We were not made aware of this fact until Screwvala filed his motion for withdrawal on March 17, 2014. Screwvala's reason for the delay in filing the motion just a few weeks before trial is that he wished "to allow for an orderly resolution of the case" in light of the fact that California attorney David Schulz, who does

---

[1]While Screwvala states in his memorandum that "AVELA and Valencia terminated their engagement of Screwvala" on December 20, 2013 and attached the email in which AVELA and Valencia informed Screwvala that they were substituting counsel, it is unclear from the record before us whether or when Screwvala was formally discharged. (Screwvala Mem., Dkt. No. 280, at 2.)

not have an active New York license, was engaged by AVELA and Valencia to pursue a possible settlement. (*Id*. ¶ 6.) Because "it does not appear as though a settlement is forthcoming," Screwvala explains, "it is now necessary to effectuate my removal for this action and to provide time for the defendants to seek new counsel." (*Id*. ¶ 7.)

This is not the first instance in which counsel has moved to withdraw as an attorney of record for Defendants. On January 21, 2014, Melissa W. Woo filed her motion to withdraw shortly after she provided notice, on January 8, 2014, of her resignation as in-house staff attorney to V. International. (Woo Mem., Dkt. No. 273.) At the time of filing, Woo was not the only attorney for Defendants; AVELA had already identified and engaged lead trial counsel to try the case on behalf of Defendants. (Woo Decl., Dkt. No. 274, ¶ 6.) On January 27, 2014, we granted Woo's motion for withdrawal. (Order, Dkt. No. 275.)

In light of the very different circumstances of Screwvala's pending motion to withdraw, we deny the motion.

**B. Local Civil Rule 1.4**

Local Civil Rule 1.4 for the Southern District of New York governs withdrawal of counsel, and provides:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdraw or displacement and the posture of the case, including its position, if any, on the calendar[.]

S.D.N.Y. Local Civ. R. 1.4. In making its determination, it is well-settled that a court has "considerable discretion in deciding a motion for withdrawal of counsel." *SEC v. Pentagon*

*Capital Mgt. PLC*, No. 08 C 3324, 2013 WL 5815374, at *4 (S.D.N.Y. Oct. 29, 2013); *Whiting v. Lacara,* 187 F.3d 317, 320 (2d Cir. 1999); *Spadola v. N.Y.C. Transit Auth.*, No. 00 C 3262, 2002 WL 59423, at *1 (S.D.N.Y. Jan.16, 2002).

"When considering whether to grant a motion to be relieved as counsel, 'district courts analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding.'" *Battino v Cornelia Fifth Ave.*, *LLC*, No. 09 C 04113, 2013 WL 4779635, at *1 (S.D.N.Y. June 26, 2013) (quoting *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 C6469, 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011)); *Ashmore v. CGI Group, Inc.*, No. 11 C 8611, 2013 WL 5863569, at *1 (S.D.N.Y. Oct. 30, 2013); *SEC*, 2013 WL 5815374, at *4.

Although there is no definitive standard for what constitutes a "satisfactory reason" for allowing a withdrawal, district courts in the Second Circuit have found that "'[s]atisfactory reasons' include failure to pay legal fees, a client's lack of cooperation—including lack of communication with counsel, and 'the existence of an irreconcilable conflict between attorney and client.'" *Ashmore*, 2013 WL 5863569, at *1 (quoting *Diorama Trading Co. v. J. Walter Thompson U.S.A., Inc.*, No. 01 C 2950, 2005 WL 1963945, at *1 (S.D.N.Y. Aug. 15, 2005) (quoting *Hallmark Capital Corp. v. Red Rose Collection, Inc.*, No. 96 C 2839, 1997 WL 661146, at *2 (S.D.N.Y. Oct. 21, 1997))).

In addition to considering the reasons for withdrawal, district courts also consider whether the prosecution of the suit is likely to be disrupted by the withdrawal of counsel. *Whiting*, 187 F.3d at 320–21 (citing *Brown v. National Survival Games, Inc.*, No. 91 C 221, 1994 WL 660533, at *3 (N.D.N.Y. Nov. 18, 1994)). "In considering a motion for leave to withdraw, a

court may consider the 'protracted history of the litigation[.]'" *SEC*, 2013 WL 5815374, at \*4 (citing *SEC v. Great American Technologies, Inc.*, No. 07 C 10694, 2009 WL 4885153, at \*5 (S.D.N.Y. Dec.15, 2009). Courts should consider whether allowing counsel to withdraw would be too disruptive or cause too much delay, especially when the case is on the verge of trial. *Vachula v. General Electric Capital Corp.*, 199 F.R.D. 454, 458 (D. Conn. 2000) ("Where an attorney moves to withdraw on the eve of trial, courts generally deny such a motion."); *Malarkey v. Texaco, Inc.*, No. 81 C 5224, 1989 WL 88709, at \*2 (S.D.N.Y. July 31, 1989) (denying counsel's motion to withdraw when case is "on the verge of trial readiness").

### C. We Deny the Motion for Withdrawal

#### 1. There is no satisfactory reason for granting the motion to withdraw

It is unclear why Screwvala waited nearly three months before filing his motion to withdraw. Doing so at this juncture runs counter to the reason he lists in his declaration, which is "to allow for an orderly resolution of the case." (Screwvala Decl., Dkt. No. 279, ¶ 3.) Seeking an orderly resolution of the case, however, would have entailed Defendants making the attempt months ago to find substitute counsel to work with Schulz, and requesting that Screwvala file his motion to withdraw at that time. Given the absence of any explanation, and thus the absence of a reasonable explanation, we can only assume that such a motion was made in bad faith.

In his memorandum, Screwvala states that where counsel has been discharged by the client, "the order to withdraw should issue except under the most compelling circumstances." (Screwvala Mem., Dkt. No. 280, at 3 (quoting *Casper v. Lew Lieberbaum & Co., Inc.*, No. 97 C 3016, 1999 WL 335334, at \*4 (S.D.N.Y. May 26, 1999); *Allstate Ins. Co. v. Nandi*, 258 F. Supp.

2d 309, 311 (S.D.N.Y 2002).)  In making this assessment, courts in the Second Circuit look to the ABA Code of Professional Responsibility and the New York Code of Professional Responsibility for guidance.  *Allstate*, 258 F. Supp. 2d at 311; *Casper,* 1999 WL 335334, at *4 (citing *Joseph Brenner Assocs. v. Starmaker Entm't, Inc.*, 82 F.3d 55, 57 (2d Cir. 1996)).  Both Codes state with regard to mandatory withdrawal that a lawyer representing a client before a tribunal shall withdraw from employment if the lawyer is discharged by his or her client.  D.R. § 2–110(B)(4); 22 N.Y.C.R.R. 1200.15(b)(4).

In *Casper*, the court granted the motion to withdraw pursuant to the mandatory provisions of D.R. § 2–110(B)(4) in light of the "irreconcilable differences which prevent Movants and plaintiffs from functioning in a relationship of trust." *Casper*, 1999 WL 335334, at *5.  In *Allstate*, the other case that Screwvala cites, the court granted the motion to withdraw given the "material differences" between the party and counsel.  *Allstate*, 258 F. Supp. 2d at 311.  The case before us is distinguishable from both *Casper* and *Allstate* in which the courts based their findings on the fact that there were irreconcilable or material differences between the parties and counsel.  *Casper*, 1999 WL 335334, at *5; *Allstate*, 258 F. Supp. 2d at 311.  Here, no such reason has been offered for substituting counsel.  In fact, no reason has been offered at all.

To be clear, we are not saying that the presence of irreconcilable or material differences between the party and counsel is a prerequisite to granting a motion to withdraw.  They are, rather, examples of why it is often prudent to grant withdrawal unless there are compelling circumstances.  In this case, however, the absence of a reasonable explanation for the motion to withdraw, as required by Local Civil Rule 1.4, is a significant factor in our overall finding that there are indeed "compelling circumstances" to deny the motion.  We discuss these compelling

circumstances below.

### 2. The proceedings are likely to be disrupted by counsel's withdrawal

When considering whether there are compelling circumstances, we must weigh the impact of withdrawal on the progress of the action. *See Szulik v. Tag Virgin Is., Inc.,* No. 12 C 1827, 2013 WL 6009945, at *1 (S.D.N.Y. Nov. 13, 2013) (citing *Whiting*, 187 F.2d 317). "In exercising supervisory power over lawyers appearing before the Court and the discretion afforded by Local Civil Rule 1.4, the Court may take account of the immediacy and degree of potential harm—whether to the client, the lawyer or the judicial system—from the continuation of the representation." *Szulik*, 2013 WL 6009945, at *1. Based on the record presently before us, it is not apparent that harm would come to the clients, lawyers, or judicial system in this case as a result of *denying* the motion and continuing the representation. The harm, in our view, is the harm done to the judicial system were we to *grant* the motion to withdraw and stay the trial to permit Defendants to seek new counsel.

This case has a lengthy history of litigation, the complaint having been filed nearly five years ago. (Compl., Dkt. No. 1.) The trial date has already been postponed on two occasions. (Orders, Dkt. Nos. 240, 249.) Because the motion to withdraw is unopposed, it is unclear how the motion would affect the parties in this case. Given that the trial date is less than a month away, however, the case is certainly "on the verge of trial readiness." *Malarkey*,1989 WL 88709, at *2. We therefore find in this instance that the court that would be "prejudiced, harmed or burdened" were we to grant the motion to withdraw and stay the trial date. *Szulik*, 2013 WL 6009945, at *1. Withdrawal at this critical juncture would have a severe impact on the progress

of this intellectual property action.  *See id.*, at *2.

This case is unlike *Ashmore*, where the court granted the motion to withdraw in light of the fact that discovery was still pending and the case was not close to trial.  *Ashmore*, 2013 WL 5863569, at *2.  In the case before us, however, discovery closed months ago and we are just a few weeks away from the commencement of trial.  AVELA and Valencia should have engaged new counsel in December when they expressed to Screwvala their desire to substitute counsel.  Instead, they postponed filing the motion for three months, waiting until the eve of trial.

We therefore decline to give effect to the discharge of counsel if Screwvala was indeed officially discharged, *see Casper*, 1999 WL 335334, at *5, and deny the motion to withdraw and stay the trial date.  Any concerns about Screwvala's representation, should there be concerns, may be avoided by admitting the California attorney, Schulz, pro hac vice.  There is nothing in the local rules to suggest that we would be prohibited from admitting Schulz pro hac vice.  A motion for admission pro hac vice may be made by the applicant.  S.D.N.Y. Local Civil Rule 1.3(c), committee note.

**D. Conclusion**

In light of the foregoing, we deny the motion to withdraw and the request to stay the filing of the pre-trial order and the trial date. The parties should be prepared to go to trial on April 11, 2014. We order the appearance of Defendants' corporate representatives, as well as Schulz, at the pre-trial conference at 9 a.m. on April 11, 2014, if the parties and counsel wish to pursue Screwvala's request for withdrawal. It is so ordered.

                                                Marvin E. Aspen
                                                United States District Judge

Dated:       Chicago, Illinois
                March 19, 2014